### THE STATE *v.* WILSON DEWER and WILLIAM BATTLE.

Where A and B are jointly indicted with others, for wilfully setting fire to and burning a barn containing grain, and the evidence showed that A and B were not present, but were accessories before the fact: *Held,* that they could not be convicted as principals under this indictment.

The effect of the act of 1868–'69. chap. 167, entitled "an act in relation to punishments," was not to make "misdemeanors" of offences which were formerly felonies.

Indictment for wilfully burning a barn containing grain, tried before *Tourgee, J.,* at Spring Term, 1871, of CHATHAM Superior Court.

The defendants with Henderson Nash, Hardy Stewart, Luke Olive and Wyatt Boylan, were jointly indicted for wilfully and feloniously setting fire to and burning a barn, containing grain, the property of one James H. Mimms.

During the progress of the trial the Solicitor for the State offered to prove that the defendants Wilson W. Dewer and William Battle, advised, abetted, aided and procured their co-defendants to burn the said barn, to which defendants objected. Objection overruled, and the evidence allowed.

The defendants' counsel asked the Court to charge the jury, that although they might find the defendants, Dewer and Battle, guilty as accessories before the fact, yet they could not convict under this bill, unless they were present and participated in the burning, which instructions the Court declined to give.

Verdict guilty, as to all the defendants, except Henderson Nash.

Judgment of the Court, that the defendants Olive and Stewart be imprisoned in the Penitentiary for fifteen years, and Dewer and Battle, for twelve years at hard labor.

Appeal by the defendants, Dewer and Battle.

---

---

*Attorney General*, for the State.

*Howze*, for defendants.

PEARSON, C. J. The act 1868–'9, ch. 167, entitled: "An act in relation to punishment" abolishes the punishment of death, except for the crimes of murder and rape, and substitutes imprisonment in the State's prison for life or for years, for the crime of burning a barn with grain in it; the term is not less than five, nor more than sixty years. The act also abolishes whipping and other corporeal punishments, and substitutes imprisonment in the State's prison.

To support the ruling of his Honor, it is necessary to establish the proposition, that the effect of this statute, is to make all felonies, except murder and rape, " misdemeanors." If that be so, his Honor was right, for there are no accessories before the fact in mere misdemeanors; and all are treated as principals. The statute is entitled: "An act in relation to punishment." Its object is to substitute the Penitentiary for the gallows and the whipping post, that is all. How it can have the further effect, incidentally, to change the grade of crime, we are not able to see. No authority was cited, and no reason was suggested in support of the proposition.

The prisoners might have been indicted and tried as accessories before the fact, and it was error to convict them under an indictment, in which they, with others, are all charged as principals.