STATE v. GREEN.

*Indictment for Secret Assault with Intent to Kill—Principal and Accessory—Practice in Criminal Cases.*

1. Under an indictment for an assault with intent to kill, charging defendant as principal, he cannot be convicted as accessory.

2. Under Chapter 205, Acts of 1891, which authorizes a conviction of a lesser degree of the crime charged in the indictment, a defendant charged as principal in an indictment for an assault with intent to kill cannot be convicted as accessory.

INDICTMENT for secret assault upon one Barrett with intent to kill, etc., tried before *Bryan, J.*, and a jury, at Spring Term, 1896, of POLK Superior Court.

His Honor, in his charge, read the statute under which defendant was indicted, and construed the same, and then instructed the jury that if the State had satisfied them beyond a reasonable doubt that the defendant, in a secret manner, concealed in the bushes on the roadside, did shoot Barrett with a gun, with intent to kill him, or if the defendant was present, aiding and abetting in the shooting, then it was their duty to convict him.   Defendant excepted to the latter part of his Honor's charge, to-wit: "Or if defendant was present, aiding and abetting the shooting, they should convict him," because there was no evidence upon which the case should have been left to the jury on the question whether the defendant was present, aiding and abetting.  No special instructions were requested.   The jury returned a verdict of "guilty as accecessory."   Motion for new trial was refused, and defendant appealed from the judgment rendered.

*Mr. Wm. J. Montgomery,* for defendant (appellant).
*Attorney General,* for State.

FURCHES, J.: This is an indictment for a secret assault with a deadly weapon (a gun) with intent to kill, under Chapter 32, Laws 1887. Under instructions from the court the jury found the defendant "guilty as accessory," and upon this verdict the court pronounced judgment and the defendant appealed.

There was evidence tending to show that defendant and another were together when the assault was made. And the defendant relied upon an *alibi,* and introduced evidence tending to establish this defense. It is not contended but that the defendant might be convicted as an accessory upon a proper bill of indictment, and evidence to sustain such an indictment. But it is contended that he could not be convicted as accessory under this indictment, charging him as the principal. And upon investigation of the authorities, we are of the opinion that this is so. *State* v. *Dewer,* 65 N. C., 572. If he was present aiding, abetting and encouraging another to do the shooting, he might have been found guilty as a principal. *State* v. *Chastain,* 104 N. C., 900.

The Statute of 1891, Ch. 205, does not apply in this case. That act provides " that upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or an attempt to commit a lesser degree of the same crime." That is, that the defendant under this indictment, for a secret assault, might have been convicted of a simple assault, or assault and battery.

We have no means of knowing from this indictment and verdict whether the defendant was convicted as accessory before or after the fact. But neither of these offences is

the same offence as that charged in the bill of indictment, nor is either one of them a less degree of the *same* offence as that charged in the bill.

There were other matters discussed in the argument before us that we do not consider and pass upon as they are not likely to arise again upon a new trial. There is error, and a new trial is awarded the defendant.

New Trial.