## STATE v. ROBERT BRYSON.

(Filed 26 May, 1917.)

**1. Appeal and Error—Objections and Exceptions—Brief—Rules of Court.**

Exceptions not brought forward in the brief are deemed abandoned on appeal, Rule 34.

**2. Homicide—Murder—Premeditation — Verdict — Second Degree — Instructions—Appeal and Error.**

In a trial for homicide exceptions to the charge as to premeditation and deliberation are eliminated by a verdict of murder in the second degree.

**3. Judgments—Motions in Arrest—Indictment—Accessory—Statutes.**

A motion in arrest of judgment is permissible only where the indictment is insufficient upon its face; and where the charge therein is murder, it is sufficient to sustain a conviction in a less degree, Revisal, sec. 3269; and a motion in arrest that upon the evidence the accused was an accessory and not a principal will not be granted.

**4. Homicide—Murder—Accessory—Sentence—Remanding Case—Statutes.**

Upon conviction of murder in the second degree, and sentence to twenty years in the State's Prison, upon an indictment for murder, when it appears from the evidence that the accused was only an accessory, the case will not be remanded to the Superior Court for resentence, as the statute provides a sentence for life. Revisal, sec. 3290.

**5. Homicide—Murder—Accessory—Substantive Felony — Statutes — Former Jeopardy—Appeal and Error—Harmless Error.**

An accessory before the fact of murder may now be independently tried as for a substantive felony, Revisal, secs. 3287, 3289; and where such accessory has been indicted and tried as a principal to a murder, convicted of murder in the second degree and sentenced to a twenty-year term of imprisonment in the State's Prison, he may not complain that he should have been tried as an accessory, for which a greater sentence can be imposed. Revisal, sec. 3290; or demand that, having once been in jeopardy, he may not now be tried as an accessory, and should therefore be discharged.

APPEAL by prisoner from *Harding, J.,* at Fall Term, 1916, of JACKSON.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*Bryson & Black and Sisk & West for prisoner.*

CLARK, C. J. The appellant, Robert Bryson, and Sallie Bryson, his daughter, were indicted for the murder of Alice Bryson, wife of the prisoner and mother of his codefendant.

STATE *v.* BRYSON.

Upon arraignment, Sallie Bryson, through her counsel, tendered a plea of "guilty of murder in the second degree," which was accepted by the State and she was sentenced to twenty years in the State's Prison. Upon the trial Robert Bryson was found guilty of murder in the second degree and sentenced to twenty years in the State's prison, and appealed.

Exceptions 1, 2, and 3 are specifically abandoned in the brief, and 7 and 8 not being brought forward in the brief, are, therefore, deemed to be abandoned. Rule 34 of this Court. Exception 4 is to the charge in regard to premeditation and deliberation, and has been eliminated by the verdict of murder in the second degree. Exception 12 is for the refusal to arrest the judgment upon the ground that the prisoner could not be convicted of murder in the second degree because the evidence disclosed that he was an accessory before the fact, and not a principal. A motion to arrest can be allowed only for a defect appearing upon the face of the indictment, and the charge here is of murder and the conviction is of murder in the second degree. Under Revisal, 3269, it is provided: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of same crime." There is no defect, therefore, in the indictment or in the record which would justify an arrest of judgment. Indeed, Revisal, 3271, authorizes the conviction of murder in the second degree upon an indictment for murder in the first degree. Nor would the prisoner be entitled to a remand for resentence, for Revisal, 3290, provides: "Any person who shall be convicted as an accessory before the fact in either of the crimes of murder, arson, burglary, or rape, shall be imprisoned for life in the State's Prison." The prisoner has been sentenced to twenty years, which certainly cannot exceed the punishment for life, to which he would have been subject if convicted of being accessory before the fact.

The prisoner's contentions are presented by Exception 5 for refusal to charge, as requested, that only those who are present at the commission of the crime are deemed principals therein, and that one who was not present at the time the crime was committed, which he counseled, procured, or commanded, would be an accessory before the fact and could not be convicted under a charge of murder, and that the jury must be satisfied beyond a reasonable doubt that Robert Bryson was actually present at the time the deceased came to her death as the result of a gunshot wound inflicted upon her by said Sallie Bryson; and if the State fail to satisfy the jury beyond a reasonable doubt of the presence of said prisoner, Robert Bryson, at the time of the infliction of the wound, then it would be the duty of the jury to return a verdict of *not guilty.* As a corollary to this, prisoner further insists on Exception 13, that he

"has been placed in jeopardy upon a bill of indictment, regular in its
form, charging him as principal with the murder of Alice Bryson, and
that he duly entered a plea of not guilty upon an arraignment properly
had, and that a jury had been regularly selected, chosen, and impaneled
to try the issue joined between himself and the State upon such bill of
indictment, and that the evidence having disclosed the fact that he could
in no view be deemed as principal, and that, therefore, any verdict
rendered upon said bill is void, and he having been placed in jeopardy.
under the charge preferred against him, and there being no charge
against him as accessory, either before or after the fact, the court should
have sustained his motion and ordered his discharge." The prisoner's
contention is that he should have been tried as accessory before the fact
for the murder (for which a higher sentence could be imposed than that
which he received), and that having been in jeopardy upon this charge
as sharing in the murder, he cannot hereafter be tried for having been
connected in any way with the murder of his wife, and should be dis-
charged.

Formerly there was a technical distinction between principals in the
murder and accessories before the fact which required that accessories
should not be tried before the conviction of principals, and this often led
to a miscarriage of justice for which statutes have been passed in this
and probably in all jurisdictions. The correctness of the prisoner's con-
tentions depends upon Revisal, 3287, which, omitting the parts not
material to this appeal, reads as follows:

"*Accessories to felonies before the fact; when, where, and how tried
and punished.* If any person shall counsel, procure, or command any
other person to commit any felony  .  .  .  the person so counseling,
procuring, or commanding shall be guilty of a felony, and may be
indicted and convicted either as an accessory before the fact to the prin-
cipal felony, together with the principal felon, or after the conviction of
the principal felon, *or* may be indicted and convicted of a substantive
felony  .  .  .  and may be punished in the same manner as an acces-
sory before the fact to the same felony, if convicted as an accessory, may
be punished; and the offense of the person so counseling, procuring, or
commanding, *however indicted,* may be inquired of, tried, determined,
and punished by any court  .  .  .  in the same manner as if such
offense had been committed at the same place as the principal
felony  .  .  .  *Provided,* that no person who shall be once duly tried
for any such offense, whether as an accessory before the fact or as for
a substantive felony, shall be liable to be again indicted or tried for
the same offense."

The proviso in the above section gives force to the prisoner's motion
for an absolute discharge and exemption from liability if it was error

to try him for the substantive felony of murder in counseling, procuring, or commanding his daughter to slay her mother, of which the jury, upon evidence which they found sufficient beyond a reasonable doubt, have found him guilty.

The statute having authorized the conviction upon an indictment for murder of any person guilty of a less degree of the crime than that charged, and the jury having found that the prisoner participated therein, upon evidence that he counseled, procured, and commanded the commission of the crime by his daughter, and the sentence imposed being less than that to which he was liable if he had been tried and convicted of being accessory to the fact, it is not for him to complain that the jury convicted him of a "lesser degree" than murder in the first degree, for which he was indicted and tried.

In that excellent work, Wharton on Homicide (Bowlby's 3 Ed., sec. 66), it is said: "Under statutes existing in many of the States, providing that one who counsels, procures, or instigates another to commit a felony, whether present at its commission or not, may be tried, convicted, and punished as a principal, all distinction between principal and accessories before the fact is abolished, and an accessory before the fact can be tried and convicted as principal," with a long list of authorities to that effect.

We think that this was the object and the effect of Revisal, 3287, and though this Court has said that it was erroneous to "indict and convict those who are guilty of being accessories before the fact under an indictment in which they and others are charged as principals," *S. v. Dewer,* 65 N. C., 572, and that under Revisal, 3269, "A defendant charged as principal in an indictment for an assault with the intent to kill cannot be convicted as accessory," *S. v. Green,* 119 N. C., 899, we are of opinion that the indictment and conviction of the prisoner in this case comes within the language and intent of Revisal, 3287, and 3269, which made accessory before the fact the "substantive felony," and which are intended to destroy the technical distinctions which had so often led to such miscarriages of justice as would be caused here if the prisoner, who has been tried and convicted upon evidence of his active participation in causing the death of his wife by counseling, aiding, and procuring his daughter to slay her, should be discharged of all liability. In *S. v. Chastain,* 104 N. C., 900, the Court held the appellant guilty as principal, though he was 150 yards in the rear of the other, who, under cover of darkness, committed a secret assault with intent to kill, though the appellant did not shoot at all, and did not actively participate in the attack made.

No good purpose can be served by a construction which would make the enactment of Revisal, 3287, purposeless, nor should the Court

adhere to the construction, if erroneous, which happened to be put upon the statute when first presented, and possibly without full argument, which would have the effect to destroy the efficiency of the statute evidently intended. We are not going ahead of legislation, but accepting it in its true intent and meaning.

The prisoner has been tried for the murder, of which he has been convicted in a lesser degree, and without error in the admission of evidence, in the charge of the court, or the instructions. He has suffered no prejudice by being tried jointly with his codefendant, his daughter, who committed the murder of her mother, according to the evidence, by the counsel, procurement, and command of the prisoner. She has accepted the punishment for her crime. There is no reason that the prisoner should escape, when he has been duly tried and the evidence in his favor has been duly and fully presented to the jury. The prisoner was indicted for the substantive felony of murder of his wife, whose commission he caused. He cannot complain that he was not convicted in the first degree, but only of the second degree.

In *S. v. Moses,* 13 N. C., 463, *Ruffin, C. J.,* said, speaking of a statute to cure technical objections in criminal proceedings: "This law was certainly designed to uphold the execution of public justice, by freeing the court from those fetters of form, technicality, and refinement which do not concern the substance of the charge and the proof to support it. Many of the sages of the law had before called nice objections of this sort a disease of the law, and a reproach to the Bench, and lamented that they were bound down to strict and precise precedents, neither more brief, plain, nor perspicuous than that which they were constrained to reject. In all indictments, especially those for felonies, exceptions extremely refined, and often going to form only, have been, though reluctantly, entertained. We think the Legislature meant to disallow the whole of them, and only require the substance, that is, a direct averment of those facts and circumstances which constitute the crime, to be set forth." Revisal, 3287, made the facts which formerly had been called "accessory before the fact" the substantive felony (whether in murder or any other felony), and the guilt of the prisoner was, if anything, greater than that of his daughter, whom he procured to commit the murder. He was guilty of the substantive felony created by the statute, though convicted of a lesser degree, and the former refinements as to accessory before the fact cannot avail to withdraw him from liability for his share in the murder, which he counseled, procured. and commanded. Indeed, there is strong evidence of incest as the moving cause. The indictment charges "substantive felony." It was a participation in the murder, though as in *S v. Chastain, supra,* the prisoner was not actually present at its commission, and did not fire the shot. As in

*Chastain's case,* he should be held, and cannot complain that he is punished no more severely than his daughter, who fired the shot, and less severely than if he had been tried and convicted of being accessory before the fact.

No error.

ALLEN, J., dissenting.