## STATE v. SIMONS.

### (Filed 5 May, 1920.)

**1. Appeal and Error—Certiorari—Court's Discretion.**

> A writ of *certiorari* as a substitute for an appeal is not a matter of course when the appeal has not been prayed for, but within the exercise of the discretion of the court in passing upon the application.

**2. Same—When Taken.**

> A petition for a *certiorari* as a substitute for an appeal to the Supreme Court should be made "at least at the call of the district" to which the appeal should have been taken, and it must appear that the petitioner was prevented from taking the appeal or was misled, or that he had a legal excuse for failing to file his petition earlier; and ignorance of the rules of practice or inability to employ counsel is insufficient.

**3. Appeal and Error—Certiorari—Merits.**

> The merits of the case are not passed upon on an application in the Supreme Court for a *certiorari.*

**4. Same—Criminal—Accessory Before the Fact—Statutes.**

> The petitioner for a *certiorari* as a substitute for an appeal was charged with arson, and upon the trial of another charged with the same offense,

and as an accessory before the fact, he testified of his own free will, after being warned and without inducement, that he had burned the dwelling, being induced thereto by the prisoner then being tried; and on his own trial, that he had not done the burning, etc.: *Semble,* this conflict of testimony involved a finding of fact that his first testimony was perjured; and further, the charge of accessory before the fact includes that of the principal crime, Rev., 3269, and the court could accept the plea of defendant under the charge of arson; and, therefore, no error of law would be found regarding the case as if on appeal, upon its merits.

PETITION for a writ of *certiorari* as a substitute for an appeal.

A true bill of indictment was returned against the petitioner at April Term, 1919, of ANSON, charging him with the crime of arson.

At the same term of court a true bill was returned against one Jim Reid (*S. v. Reid,* 178 N. C., 745), charging him in one count with the crime of arson and in another with being accessory before the fact to the crime of arson.

Reid was tried at said term, and the petitioner herein was the principal witness against him, and testified, among other things:

"I was living at Mr. N. P. Liles' place. John McLendon was living on Mr. Tyler Bennett's place. I had a talk here in town with Jim Reid in regard to burning this house. Jim said he wanted to get me to burn it.

"The first time I told him I couldn't do anything like that. That was a few days before the 18th, and on the 18th he got after me again down here at this barber shop of Mr. Whit Hagins. He got after me again, and said it would be all right; the house was insured and Mr. Bennett wouldn't lose anything, and said he would give me $150 if I would burn it. And I burnt the house that night.

"When they had the case up before the justice of the peace I voluntarily went up there and told it, didn't have any lawyer. Just went on the stand and told it, I wanted to tell it anyway. Mr. Roark was present. I heard his Honor say I need not tell anything against myself. No inducements have been given me, and no promises made me. I don't understand anything about why I am not being tried.

"I don't know whether I am interested in this trial or not. I just told the truth is why I am telling it."

Reid was convicted on the second count in the indictment, and was sentenced to life imprisonment in the penitentiary, from which judgment he appealed, and the case is reported in 178 N. C., 745.

At November Term, 1919, of said court, the petitioner tendered a plea of guilty of accessory before the fact to the bill of indictment charging him with arson, which plea was accepted by the State, and the petitioner was sentenced to the State's prison for life.

No appeal was taken from said judgment, and no notice of appeal given.

Appeals from the county of Anson were heard during this term of the Supreme Court, during the week beginning 13 April, and this petition for a *certiorari* was not filed until 20 April, 1920.

The petition is upon the ground that the bill of indictment charging arson does not include the crime of being accessory before the fact to the crime of arson, and that therefore his imprisonment is unlawful.

The petitioner alleges that he is innocent of the crime, and that he swore falsely on the trial of Jim Reid; that Reid did not procure him to burn the house, and that he had nothing to do with it and knew nothing about it.

He also alleges as an excuse for not taking an appeal that he was carried to Raleigh within two or three days after judgment was procured against him and has had no opportunity to give notice of appeal, and would not have known how to give such notice; that he has had no opportunity to consult with counsel, and because of poverty has been unable to protect his rights.

A. A. Tarlton and H. P. Taylor for petitioner.
Attorney-General Manning and Assistant Attorney-General Nash for the State.

ALLEN, J. "One of the purposes of the writ of *certiorari* is to answer as a substitute for an appeal, . . . but where an appeal is not prayed for, the *certiorari* is not a matter of course, and the Court will exercise discretion in regard to the application." *Bledsoe v. Snow,* 48 N. C., 105; *McConnell v. Caldwell,* 51 N. C., 469.

The application should be made "at the term to which the appeal ought to have been taken," "without any unreasonable delay, and that any such delay after the earliest moment in the party's power to make the application must be satisfactorily accounted for." *Todd v. Mackie,* 160 N. C., 359.

It is also held in *Mitchell v. Baker,* 129 N. C., 63, that the petition for the *certiorari* should be made "at least at the call of the district" to which the appeal should have been taken.

Applying these principles, the petition must be denied, because it appears that it was not filed until after the appeals from the county of Anson at this term were heard, and there is no allegation which shows that the petitioner was prevented from taking an appeal, or was misled, nor is there any legal excuse given for failing to file his petition earlier.

If ignorance of the rules of practice or inability to employ counsel could avail there would be few cases in which a petition could not be applied for.

Again, while the merits are not determined upon a petition for a *certiorari,* it appears from the record that the application is made upon the ground that the petitioner swore falsely against another charged with the same crime, and that his claim now made that he is innocent has no foundation unless it is found that he now swears to the truth when he says in his petition that he has heretofore committed perjury in regard to the same fact.

If, however, these objections were not fatal to the application, it was held in *S. v. Bryson,* 173 N. C., 806, substantially overruling an earlier case, that the crime of accessory before the fact is included in the charge of the principal crime, within the meaning of sec. 3269 of the Revisal, and if so, the court could accept the plea of the defendant under the bill of indictment charging the crime of arson, and the judgment pronounced thereon is legal.

The petition must be denied.

Petition denied.