## STATE v. LEROY JONES.

### (Filed 12 April, 1961.)

**1. Criminal Law § 10: Indictment and Warrant § 18—**

An indictment will support a conviction of the crime charged or a less degree of the same crime, and the crime of accessory before the fact is included in the charge of the principal crime, G.S. 15-170. The crime of accessory after the fact is not included in the charge of the principal crime.

**2. Criminal Law § 109: Homicide § 28— Court should instruct jury on law of accessory before the fact arising on defendant's evidence.**

Where, in a prosecution under a statutory indictment for murder, G.S. 15-144, the state's evidence tends to show that the offense was committed in the perpetration of a robbery and one defendant admits that he aided and abetted the others in obtaining a pistol and that he loaned his automobile to the others in order that they might commit a robbery, but that he got out of the car and waited beside the road while the other three committed the offense, and contends that he was not guilty of anything more than being an accessory before the fact, it is error for the court to fail to explain the legal meaning of accessory before the fact and instruct the jury that they might return such a verdict, and the mere statement of such defendant's contention in this regard is insufficient.

**3. Criminal Law § 107—**

The requirement that the trial court declare and explain the law

STATE *v.* JONES.

arising on the evidence is a substantial right, and the failure of the court to do so constitutes prejudicial error.

BOBBITT and HIGGINS, J.J., dissenting.

PARKER, J., joins in dissent of BOBBITT, J.

APPEAL by defendant from *Hooks, S. J.* at Special March Term 1960, of HARNETT, argued as No. 506 at Fall Term, 1960; now appearing on docket as No. 505 at Spring Term, 1961.

Criminal prosecution upon a bill of indictment charging defendant Leroy Jones with the offense of murder in the first degree of one Mildred Jones Dupree.

Defendant, upon arraignment, pleaded not guilty.

Upon trial in Superior Court both the State and the defendant offered evidence.

Defendant, in brief filed on this appeal makes this statement of facts: The defendant was charged with the murder of Mildred Jones Dupree on 10 December 1959. On that date Mrs. Mildred Jones Dupree was murdered while a robbery was being perpetrated on her. Each of three persons, Bailey, Thomas and Gibson, testified that they, in company with the defendant, went to the home of Mrs. Dupree at a time when they knew Mrs. Dupree was alone; that they went to her home in the defendant's automobile and that the defendant was driving; that they went for the purpose of robbing Mrs. Dupree; and that the defendant shot Mrs. Dupree with a pistol while in the process of robbing her. Mrs. Dupree died the next morning.

The defendant testified in his own behalf, and denied being present at the scene of the crime. He did admit that he aided and abetted the other three in obtaining a pistol, and he admitted that he loaned his automobile to the other three in order that they might commit a robbery. He testified that he himself got out of the car and waited beside the road while the other three went to the home of Mrs. Dupree for the purpose of robbing her.

After the deceased was shot, and after the three persons had picked up the defendant at the place where he had left them, they went together to the home of the defendant where they divided the money obtained in the robbery, and the four, together with a girl, went to Scotland County where they were arrested the next morning.

Verdict: Guilty of murder in the first degree.

Judgment: That the prisoner, Leroy Jones, suffer for his crime the penalty of death as provided by law by the inhalation of lethal gas of sufficient quantity to cause the death of the said prisoner, Leroy Jones, to continue until the prisoner, Leroy Jones, is dead.

Defendant excepts thereto, and appeals therefrom to Supreme Court and assigns error.

*Attorney General Bruton, Assistant Attorney General Glenn L. Hooper, Jr., for the State.*
*Bryan & Bryan for defendant appellant.*

WINBORNE, C.J.  The indictment under which defendant is charged is framed in accord with the provisions of G.S. 15-144.

This form of bill of indictment includes the charge of murder committed in the perpetration of a robbery, without a specific allegation or count to that effect. See *S. v. Smith,* 223 N.C. 457, 27 S.E. 2d 114.

The evidence offered upon trial of instant case tends to show that the homicide here involved was committed in the perpetration of robbery. And in stating the contentions of defendant the trial court told the jury, among other things, that "the defendant further argues and contends that he is not guilty of anything more than being an accessory to the crime of robbery, and, in fairness to him, that is all he is answerable to and all he is guilty of in this case." And in this respect the defendant requested the court to declare the law as to accessory before the fact of murder, and as to accessory after the fact of murder, and also as to accessory before the fact of robbery, and as to accessory after the fact of robbery. The record fails to show that the court complied with this request.

"Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or a less degree of the same crime * * * ." G.S. 15-170. The crime of accessory before the fact is included in the charge of the principal crime. *S. v. Bryson,* 173 N.C. 803; *S. v. Simons,* 179 N.C. 700. Not so, accessory after the fact. In the instant case Jones testified that he had assisted one Gibson in procuring a pistol for the avowed purpose of committing a robbery, and furnished his car for the use of Gibson, Thomas and Bailey in perpetrating the robbery, that he had an idea where they were going, and that he waited for them until they returned. Where murder was committed in perpetration of the robbery, Jones' evidence is sufficient, taken as a whole, to support a verdict against him for counselling and procuring the commission of the felony, that is, of accessory before the fact to murder. *People v. Peranio,* 225 Mich. 125, 195 N.W. 670. The court should have charged the jury on this phase of the evidence, explained the legal meaning of accessory before the fact to murder, and

instructed the jury that it might return such verdict as to the defendant Jones.

In this connection the statute, G.S. 1-180, requires that the judge shall declare and explain the law arising on the evidence given in the case. This is a substantial right of litigants. Failure to observe it is error for which the injured party is entitled to a new trial. Such is the applicable principle in the instant case. So, let there be a

New trial.

BOBBITT, J., dissenting.   Whether a person, when indicted and tried for murder, may be found guilty as an accessory before the fact to the crime of murder, remains in doubt. *S. v. Dewer,* 65 N.C. 572, and *S. v. Green,* 119 N.C. 899, 26 S.E. 112, clearly say, "No." Under rather unusual factual situations, the decisions in *Dewer* and *Green* were overruled or the authority thereof somewhat impaired in *S. v. Bryson,* 173 N.C. 803, 92 S.E. 698, and in *S. v. Simons,* 179 N.C. 700, 103 S.E. 5. If and when an appropriate factual situation is presented, I think this Court should reconsider and clarify this subject.

G.S. 14-5 defines an accessory before the fact as a person who counsels, procures or commands another person to commit a felony. Here, according to the State's evidence, the defendant, in person, committed the robbery and murder. As I read the record, the defendant did not testify that he counseled, procured or commanded the robbery or murder; and the defendant's testimony is all the testimony tending to show he was not present at the time and place of the commission of the robbery-murder. Hence, whatever view is taken as to the legal question discussed in the preceding paragraph, I do not think the evidence in this case warranted an instruction as to defendant's guilt as an accessory before the fact.

PARKER, J., joins in this dissenting opinion.

HIGGINS, J., dissenting.   Analysis of the evidence convinces me the question of accessory in any degree, either to murder or to robbery, does not arise upon this record. And regardless of contrary intimations in some of our cases, I am unable to agree that accessory is a lesser degree of the crime of murder. I vote no error.