**Ollie RICHARDSON, Petitioner,**

v.

**Mr. Fred R. ROSS, Major of Caledonia Prison Farm, Tillery, North Carolina, Respondent.**

**Civ. No. 2502.**

United States District Court, E. D. North Carolina, Raleigh Division.

March 2, 1970.

Ollie Richardson, pro se.

Robert Morgan, Atty. Gen. of N. C., by Jacob L. Safron, Staff Atty., Raleigh, for respondent.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

Now comes this cause before the Court as an application for a Writ of Habeas Corpus, filed by a State prisoner, pursuant to the provisions of Title 28, United States Code Annotated, Section 2254. Issues have been joined by the Respondent's Answer and Motion to Dismiss.

The Petitioner asserts before this Court that his Constitutional rights have been violated by the State of North Carolina in the following particulars:

(1) In that no indictment existed for the charge of Accessory Before and To the Fact of First Degree Murder upon which his conviction and sentence could rest; and,

(2) In that his plea of guilty to the offense charged was in some way coerced.

The Respondent answers that there has been no denial of Petitioner's rights and prays dismissal of the application.

## FINDINGS OF FACT

Twenty-one years ago this month, on March 26, 1949, this Petitioner, while

out on parole from the conviction and sentence for the crime of murder in the second degree, fatally wounded, by means of a knife, his wife, Rosa Mae Frances Richardson. At the May, 1949 Term of the Nash County Superior Court, Petitioner was indicted by the Grand Jury for Murder in the First Degree in the matter of his wife's death, and he was brought to trial on June 1 of that year. Upon his plea of Not Guilty and a Trial by Jury, the Petitioner was found Guilty without a Recommendation for Mercy, and thereby sentenced mandatorily to death. In that year, the Petitioner's chances for being subjected to execution of the sentence were excellent. In those days, death penalties were carried out with few exceptions, ten actually occurring during the year of his conviction and sentence. The Honorable Henry A. Grady, in the exercise of the Court's discretion, set aside the conviction and resultant penalty of death, permitting the Petitioner to tender a Plea of Guilty to the offense of being an accessory before the fact to the crime of murder in the first degree, which plea was accepted by the Court in lieu of all other pleas and the Petitioner was sentenced to the term of his natural life, thereby literally saving him from the gas chamber. Petitioner did not appeal his conviction or sentence, but he comes now, twenty-one years after the fact, attacking that very salvation.

## CONCLUSIONS OF LAW

N.C.G.S. § 15–170 provides:

"Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

■ The crime of accessory before the fact to the crime charged in an original indictment is, in North Carolina, a lesser includable offense. State v. Bryson, 173 N.C. 803, 92 S.E. 698; State v. Simons, 179 N.C. 700, 103 S.E. 5.

N.C.G.S. § 14–6 provides in part for the sentence of life imprisonment for the offense of accessory before the fact to the crime of murder.

■ The original indictment of Murder in the First Degree, handed down by the Grand Jury, was sufficient to support the Plea of Guilty to a lesser includable offense in the case at bar, and the Petitioner's assertions to the contrary here are patently without merit.

■■ Though the record is lacking in its failure to show affirmatively that the Petitioner's plea of Guilty to the charge of Accessory was voluntarily and knowingly entered within the meaning of Boykin v. Alabama, 395 U.S. 902, 89 S.Ct. 1739, 23 L.Ed.2d 216 (1969), *Boykin* (supra) will not be applied retroactively by this Court until some higher tribunal so orders. To do so would, as Respondent has noted, be chaotic. The Court is reinforced in its view that the Petitioner's plea was voluntarily and understandingly entered by the facts in this case. Can there be any question as to whether one who has been convicted upon his Plea of Not Guilty, by Jury Verdict, of the offense of Murder in the First Degree, and who is as a result destined to suffer the mandatory sentence of Death, would voluntarily enter a Plea of Guilty to a lesser includable offense? This Court is of the opinion that no question or issue exists. The application now at bar is one of the more deplorably frivolous with which this Court has dealt.

The Court need not determine whether Alford v. State of North Carolina, 405 F.2d 340 (4th Cir., 1968), is applicable to the instant case, because it has previously determined that the *Alford* rule should be applied only to those criminal actions commencing after November 26, 1968. Wilson v. State of North Carolina, No. 2216 (E.D.N.C., Feb. 27, 1967), Carmichael v. State of North Carolina, No. 2102 (E.D.N.C., April 15, 1969).

As Respondent has said in his Answer, "The petitioner's position seems to be that regardless of what he had ac-

tually done, the fact that he entered a plea of guilty to a charge of being an accessory before the fact of murder in the first degree rendered the plea involuntary."

It is obvious that Petitioner's life has been saved by the acceptance of this Plea of Guilty. He has been permitted to serve a life sentence concurrent to the sentence for Murder in the Second Degree in the slaying death of his mother, from which conviction he was on parole at the time Rosa Mae Frances Richardson was taken, by his hand and deed.

His life sentence was commuted by the Honorable Terry Sanford on July 2, 1964 to forty (40) years. That he has not been paroled may be partially explained by prison conduct on Petitioner's part that makes him an unsuitable candidate, to wit: at least seven (7) times, he has either cut or stabbed other inmates in the prison system.

The record shows that Petitioner is approximately sixty-nine or seventy years of age. The Court is saddened that society has been forced to keep the Petitioner in a correctional institution for many of the best years of his life. However, no Constitutional grounds exist on which an application for a Writ of Habeas Corpus can be based. Society has served this Petitioner in many ways, including sparing his life. His fate was determined over two decades hence.

### ORDER

Now therefore, in accordance with the foregoing, it is:

Ordered, that the Petition for a Writ of Habeas Corpus be, and the same hereby is, denied; and,

Further ordered, that the Motion to Dismiss the application be, and the same hereby is, Allowed; and,

Further ordered, that the Clerk shall serve copies of this MEMORANDUM OPINION AND ORDER upon, the Honorable Robert Morgan, Attorney General, State of North Carolina, Raleigh, North Carolina 27602; and upon Mr. Fred R. Ross, Major, Caledonia Prison Farm, Tillery, North Carolina; and upon, the petitioner, Ollie Richardson, Caledonia Prison Farm, Tillery, North Carolina.

Let this order be entered forthwith.