State v. Davis

---

---

STATE OF NORTH CAROLINA v. SHARON DEVON DAVIS

No. 748SC942

(Filed 16 April 1975)

1. **Criminal Law § 10; Robbery § 2— robbery indictment — accessory before fact as lesser included offense**

    Since the charge of being an accessory before the fact to a felony is included in the charge of the principal crime, an armed robbery indictment supported a verdict of accessory before the fact of armed robbery.

2. **Criminal Law § 92— consolidation of charges against defendant**

    The trial court did not err in consolidating for trial three charges against defendant for armed robbery of two motels and a supermarket on three different dates.

3. **Conspiracy § 5; Criminal Law § 79— statements by defendant and others in planning crimes — no opportunity to cross-examine others**

    Testimony concerning statements made by the witness, defendant and others which tended to show that each member of the group planned or consented to the commission of the crimes with which defendant

was charged was admissible to show defendant's knowledge of the intent of her companions to commit the crimes and to show her state of mind although defendant did not have the opportunity to cross-examine the persons to whom the statements were attributed.

**4. Criminal Law § 66— in-court identification — admissibility**

The evidence supported the findings of the court that a robbery victim's in-court identification of defendant was based upon his observation of defendant when she entered the store on an occasion prior to the robbery by her companions.

**5. Criminal Law § 75— admissibility of in-custody statements**

The trial court properly admitted in evidence statements made by defendant to police officers and to a deputy sheriff where the court found upon supporting evidence that the statements were voluntarily made after defendant voluntarily, knowingly and understandingly waived her rights to remain silent and to counsel.

**6. Robbery § 4— armed robbery — accessory before fact to armed robbery — sufficiency of evidence**

The State's evidence was sufficient for the jury on issues of defendant's guilt of armed robbery of two motels and of accessory before the fact to the armed robbery of a supermarket where it tended to show that defendant knew of and agreed to each robbery, she was present in the getaway car before, during and after the robberies at both motels, she agreed with her companions to inspect the supermarket to determine how much money could be taken therefrom, she later agreed with her companions that the supermarket would be robbed on the group's next trip to the town in which it was located, and the supermarket was thereafter robbed by two of her companions.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 18 July 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 22 January 1975.

Defendant was charged in separate indictments with committing three separate armed robberies. She pled not guilty to each charge and the cases were consolidated for trial over her objection.

In Case No. 74CR5305 she was charged with the armed robbery of M. A. Fritz on 28 March 1974. The testimony of a State's witness, Leo Davis, who was unrelated to defendant, tended to show: In the early evening of 28 March 1974 Davis, Dorothy Sheppard, and defendant rode from Kinston to Goldsboro in a car driven by James R. Holmes. While driving past a Quik Pik convenience grocery store, Holmes stated that the store would be a good place to rob. Defendant assented to this statement. At approximately 10:00 p.m. Holmes drove past the

State v. Davis

Downtowner Motel in Goldsboro and stated that it too would be a good place to rob. Defendant again concurred. Davis and Sheppard entered the motel lobby, where Davis pointed a .25 caliber pistol at the desk clerk, Fritz, and forcibly took approximately $170.00 from a drawer in the desk counter. Davis and Sheppard returned to the car where Holmes and defendant waited and Holmes drove the group to a restaurant parking lot where the money was divided among the four. Defendant's share was approximately $30.00.

In Case No. 74CR5306 defendant was charged with the armed robbery of of Mrs. Arthur Cummings on 30 March 1974. Leo Davis's testimony tended to show: On that date, Davis, Sheppard, and defendant rode to Goldsboro from Kinston in a taxicab driven by one Morris Thompson. At approximately 11:00 p.m. Thompson drove the group past the Irish Inn Motel on N. C. Highway 70. Davis and Sheppard stated that it would be a good location to rob. Defendant and Thompson agreed. Davis entered the motel lobby, pointed his pistol at the desk clerk, Mrs. Cummings, and forcibly took approximately $400.00 from a drawer in the counter. Davis returned to the taxi and the group returned to Kinston.

In the third bill of indictment defendant was charged in Case No. 74CR5360 with the armed robbery of C. W. Merritt, Sr. on 1 April 1974. Davis's testimony tended to show: On 31 March 1974 Holmes drove Davis, Sheppard, and defendant from Kinston to Goldsboro. All four talked about robbing the Convenient Food Mart in Goldsboro. Then Holmes drove to Merritt's Supermarket in the same vicinity. Sheppard and Holmes stated that it was a good place to rob and defendant went inside to purchase cigarettes in order that she might determine the amount of money in the cash register. She returned and reported to her companions that the register contained approximately $80.00. The group decided too many persons were in the store at that time and returned to Kinston, having agreed to rob Merrit's Supermarket on the next trip to Goldsboro. At approximately 10:00 p.m. on 1 April 1974 Davis and Holmes returned to this store. Davis entered the store, pointed his pistol at Merritt, who was at the cash register, and forcibly took all the money out of the register.

At the close of the State's evidence, the trial court denied defendant's motions for nonsuit in Cases No. 74CR5305 and No. 74CR5306. In the third case, No. 74CR5360, the court allowed

defendant's motion for nonsuit as to the charge of armed robbery but submitted that case to the jury on the lesser included offense of being an accessory before the fact of the armed robbery of C. W. Merritt, Sr.

Defendant offered no evidence. In each case the jury found defendant guilty of the offense of being an accessory before the fact to armed robbery.

From judgments imposing prison sentences in each case, defendant appealed.

*Attorney General Edmisten by Associate Attorney Robert W. Kaylor for the State.*

*Dees, Dees, Smith, Powell & Jarrett by Tommy W. Jarrett for defendant appellant.*

'PARKER, Judge.

[1] The charge of being an accessory before the fact to a felony is included in the charge of the principal crime. *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213 (1961) ; *State v. Simons,* 179 N.C. 700, 103 S.E. 5 (1920) ; *State v. Bryson,* 173 N.C. 803, 92 S.E. 698 (1917) ; *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972) ; *see* Note, 41 N.C.L. Rev. 118 (1962). Therefore, the judgments appealed from are supported by the indictments.

[2] The trial court did not abuse its discretion in consolidating for trial the three cases against defendant. The offenses charged were of the same class and were not so separate in time or place or so distinct in circumstances as to render consolidation prejudicial. G.S. 15-152; *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336 (1972) ; *State v. White,* 256 N.C. 244, 123 S.E. 2d 483 (1962).

[3] Leo Davis testified over defendant's objection concerning statements made by himself, Sheppard, Holmes, Morris, and defendant. These statements as recounted at trial by Davis tended to show that each member of the group planned or consented to the commission of the crimes with which defendant was charged. The admissibility of Davis's testimony concerning these statements was not, as defendant now contends, predicated upon her being allowed to cross-examine the persons to whom the statements were attributed. Defendant's knowledge of the intent of her companions to commit the crimes charged "may be

proved . . . by statements made to [her] by other persons . . . and by various circumstances from which an inference of knowledge might reasonably be drawn." 1 Stansbury's N. C. Evidence, § 83, p. 259 (Brandis Rev.). Moreover, the "declarations of one person are frequently admitted to evidence a particular state of mind of another person who heard or read them." *Id.* § 141, pp. 469-70. There was no error in the trial court's admitting this testimony into evidence.

[4] There was likewise no error in the determination by the trial court that the in-court identification of defendant by Merritt was based upon Merritt's observing defendant when she entered his store on 31 March 1974. The findings of the trial court in this regard being supported by competent evidence are conclusive on this appeal. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972).'

[5] Defendant next assigns error to the admission into evidence of statements which defendant made to police officers on two separate occasions. After conducting a voir dire hearing, the trial court concluded that any statement defendant made to Officers Weaver and Potter of the Goldsboro Police Department was made "voluntarily, knowingly and understandingly" and that she freely and voluntarily waived her rights to remain silent and to counsel. The record reveals that competent evidence supported these findings, and they in turn supported the court's conclusions. We also find no prejudicial error in the trial court's admitting the testimony of Wayne County Deputy Sheriff Davis. In that instance the trial court also conducted a voir dire, made findings of fact supported by competent evidence, and concluded that defendant's waiver of her rights was voluntarily, knowingly and understandingly made.

[6] Examination of the record discloses evidence sufficient to withstand defendant's motions for nonsuit in all cases. Viewed in the light most favorable to the State, the evidence tended to show that defendant knew and agreed to each robbery. She was present in the automobile before, during, and after the robberies at both motels. She further agreed with Davis, Sheppard, and Holmes to inspect Merritt's Supermarket in order to determine how much money could be taken from that store. She later agreed with the other members of the group that Merritt's Supermarket would be robbed on the group's next trip to Goldsboro. This evidence was sufficient to support a jury's finding defend-

ant guilty of at least accessory before the fact to armed robbery, a lesser included offense to the one charged in the indictment.

We have carefully considered defendant's remaining assignments of error and find no prejudicial error therein. The trial court's instructions to the jury, read contextually, conformed to the mandate imposed by G.S. 1-180 to explain the law arising on the evidence. Nor was there error in denying defendant's requested special instructions.

We find defendant's trial free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.