STATE OF NORTH CAROLINA v. EDITH SHOEMAKER PHILYAW

No. 7

(Filed 7 December 1976)

**1. Criminal Law § 10— accessory before the fact — proof required**

In order to sustain a conviction for accessory before the fact, it must be shown that (1) the defendant counseled, procured, commanded or encouraged the principal to commit the crime, (2) defendant was not present when the crime was committed, and (3) the principal committed the crime.

**2. Criminal Law § 10; Homicide § 12— indictment for murder — trial as accessory before the fact**

Defendant was properly tried as an accessory before the fact to murder upon an indictment for first degree murder since accessory before the fact is a lesser included offense of the principal crime.

**3. Bill of Discovery § 6; Criminal Law § 80— discovery in criminal cases — former statute — truck occupied by deceased**

The trial court did not err in failing to require the district attorney to furnish the "truck occupied by the deceased" for defendant's examination pursuant to defendant's motion under former G.S. 15-155.4 that the district attorney make available to her all physical evidence in the State's possession related to the crime since the statute contemplated discovery of exhibits and experts to be used at trial, and deceased's truck was not a trial exhibit.

**4. Criminal Law §§ 73, 89— motion to suppress testimony as hearsay — testimony admissible for corroboration**

In this prosecution for accessory before the fact to murder, the trial court did not err in failing to hold a hearing on defendant's pretrial motion to suppress as hearsay statements made by two perpetrators of the murder to a deputy sheriff implicating defendant since the statements were offered only for corroboration and did not, as a matter of law, violate the hearsay rule, and therefore no legal basis for the motion appeared on the face of the motion. G.S. 15A-977(c).

**5. Criminal Law § 10; Homicide § 21— accessory before the fact to murder — principal not yet convicted**

The trial court properly submitted to the jury the issue of defendant's guilt of accessory before the fact to murder, although at the time of the trial one of the principals had not been convicted of murder, where the court instructed the jury that the State was required to prove beyond a reasonable doubt that such principal had committed the murder before the jury could convict defendant as an accessory before the fact, and substantial evidence was introduced at trial from which the jury could find that such principal was guilty of murder.

DEFENDANT appeals from judgment of *Grist, J.,* 17 November 1975, Criminal Session, MCDOWELL Superior Court.

On indictment, proper in form, defendant was charged in Caldwell County with the murder of Herman Lee Philyaw. Upon motion of the defendant, consented to by the district attorney, the case was transferred to McDowell County Superior Court for trial. At the conclusion of the State's evidence, defendant moved to dismiss the charge of first degree murder. The court allowed the motion but ruled that the evidence supported a charge of the lesser included offense of accessory before the fact. On this charge, defendant was found guilty and sentenced to life imprisonment under the mandatory provisions of G.S. 14-6.

The evidence for the State tended to show the following:

Herman Lee Philyaw, the husband of the defendant, was shot and killed from ambush early on the morning of 7 May 1975. The deceased was driving to work in a pickup truck on a private road accompanied by his son, David Lee Philyaw, and another passenger. It was "dusky dark" and the truck headlights were on. Just before reaching the highway they observed some brush across the dirt road. As the passenger started to get out of the truck to remove the brush, a loud explosion occurred inside the truck. Herman Lee Philyaw slumped over the seat bleeding from the head. The truck began rolling and as David Lee Philyaw grabbed the steering wheel, he recognized Bobby Burns with a rifle in his hand running along the road. David steered the truck so as to pin Burns against a bank, took Burns' rifle away from him and beat him with it. David then went to a house nearby where defendant had been living with her parents since her separation from her husband. David reported to his mother and her parents that Herman Lee Philyaw had been shot. An ambulance was called but Herman Lee Philyaw died shortly thereafter from the head wound.

The evidence disclosed that the defendant and the deceased had been married 29 years and had a number of children. At one time Bobby Burns, age 27, had lived with them. The defendant, age 44, and Bobby Burns were seeing each other at the time of the murder. She had talked of divorcing Herman Lee Philyaw or getting him recommitted to Broughton Hospital, where he had formerly been treated.

Mrs. Philyaw, Bobby Burns, and Isiah Hood were employed at Harper's Furniture Factory. At the plant, defendant had discussed with Isiah Hood the possibility of getting someone to

State v. Philyaw

kill her husband. Shortly thereafter, she gave Bobby Burns $500.00 in cash in an envelope to deliver to Isiah Hood. Later she furnished Isiah Hood $500.00 more for the same purpose. Isiah Hood contacted his uncle, Bobby Hood, to kill defendant's husband.

On the afternoon before the ambush killing, Paula Philyaw Triplett, daughter of the defendant, received a telephone call from her mother. Paula was living with her father at that time. The defendant inquired about her grandchildren and, among other things, asked Paula twice if her father would be going by himself "out in the truck the next morning." Paula told her mother that her father would be alone when he went to work.

The next morning, Isiah Hood accompanied by his uncle, Bobby Hood, picked up Bobby Burns. Burns brought a sawed-off .22 caliber rifle which he had recently purchased and Bobby Hood carried a sawed-off shotgun. When they arrived at the ambush site, they placed brush on the private road, Bobby Hood positioned himself behind a tree, and Bobby Burns stood close by. As the deceased stopped the pickup truck for the brush, Bobby Hood fired the sawed-off shotgun striking the deceased in the head. Bobby Burns said he ran causing his sawed-off rifle to discharge "accidently." Isiah Hood was waiting in the car and when he heard the shots, drove away.

Isiah Hood and Bobby Burns had both pled guilty earlier to second degree murder under a plea-bargain arrangement in which, for testifying against the defendant, they were to receive sentences not in excess of 60 years.

Other evidence indicated that the defendant had borrowed $500.00 from a lady in Durham shortly before the cash was delivered to Bobby Burns for Isiah Hood.

The defendant offered evidence tending to show the following:

She was not involved in the murder and did not ask her daughter the afternoon before the killing whether her estranged husband would be driving alone the next morning. She explained one of the $500.00 payments by saying that it was made because of a threat on her life, but denied the other payment. She also denied having a love affair with Bobby Burns and indicated that she regarded him as her son. Additional corroborative evi-

dence was offered on behalf of the defendant. Other facts necessary to the decision will be discussed in the opinion.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General John R. B. Matthis for the State.*

*Fate J. Beal and Beverly T. Beal for defendant appellant.*

COPELAND, Justice.

Counsel for defendant, without waiving his other assignments of error, stressed in oral argument that the trial court erred in allowing defendant to be tried as an accessory before the fact to murder upon an indictment for first degree murder. We believe that Judge Grist was correct in permitting the defendant to be tried as an accessory before the fact.

At common law an accessory before the fact could only be convicted when tried at the same time as the principal, or after trial and conviction of the principal. *State v. Jones,* 101 N.C. 719, 8 S.E. 147 (1888). In enacting G.S. 14-5, North Carolina recognized accessory before the fact as a substantive felony, making it no longer necessary to first convict the principal in order to convict an accessory. *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688 (1967).

G.S. 14-5 provides in pertinent part as follows:

"If any person shall counsel, procure or command any other person to commit any felony, whether the same be a felony at common law or by virtue of any statute, the person so counseling, procuring or commanding shall be guilty of a felony, and may be indicted and convicted, either as an accessory before the fact to the principal felony, together with the principal felon, or after the conviction of the principal felon; or he may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice, and may be punished in the same manner as any accessory before the fact to the same felony, if convicted as an accessory, may be punished."

[1] Proof of three elements is necessary to sustain a conviction for accessory before the fact. It must be shown (1) that the defendant counseled, procured, commanded, or encouraged the principal to commit the crime, (2) that he was not present

when the crime was committed, and (3) that the principal committed the crime. *State v. Branch,* 288 N.C. 514, 220 S.E. 2d 495 (1975); *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775 (1969); *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580 (1961). Ample evidence was presented at trial from which the jury could find defendant guilty beyond a reasonable doubt of this offense.

[2]  The fact that defendant was indicted for first degree murder did not preclude her conviction as an accessory before the fact. Upon trial of an indictment, a defendant may always be convicted of the crime charged therein or a lesser degree of the same crime. *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213 (1961), and our Court has held that accessory before the fact is a lesser included offense of the principal crime. *State v. Branch, supra; State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213 (1961); *See* Note, 41 N. C. L. Rev. 118 (1962).

Recently, in *State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976), the defendant was indicted for murder in the first degree. At the close of the State's evidence, the trial court dismissed the murder charge and submitted the case to the jury on the lesser included offense of accessory before the fact. The procedure followed in *Hunter* was identical to that followed in the instant case. We adhere to our former opinions on this subject and overrule this assignment of error.

Under Assignments of Error Nos. 2, 11, 14, 31, 32, 34, and 35, defendant contends that the trial court erred in its rulings on defendant's discovery motions.

[3]  On 2 July 1975, counsel for the defendant filed, pursuant to G.S. 15-155.4, a broad discovery motion to require the district attorney to make available to the defendant, among other things, all physical evidence in the State's possession related to the crime. Defendant complains because the physical evidence, specifically the "truck occupied by the deceased," was not supplied for her examination.

G.S. 15-155.4, the applicable law then in effect, provided in relevant part:

"In all criminal cases before the superior court, the superior court judge . . . shall for good cause shown, direct the solicitor or other counsel for the State to produce for inspection, examination, copying and testing by the accused

or his counsel any specifically identified *exhibits to be used in the trial* of the case sufficiently in advance of the trial to permit the accused to prepare his defense; and such judge shall for good cause shown and regardless of any objection of the solicitor or other counsel for the State, direct that the accused or his counsel be permitted to examine . . . *any expert witnesses to be offered by the State in the trial* of the case regarding the proposed testimony of such expert witnesses." N. C. Sess. Laws, ch. 1064, § 1 (1967) (repealed effective 1 September 1975). [Emphasis added.]

There is no common law right to discovery in a criminal action, *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972), and defendant's request for discovery did not fall within the limited statutory discovery right provided in G.S. 15-155.4. That statute contemplated discovery of exhibits and experts to be used at trial. We have held that the purpose of the statute was "to enable a defendant to guard against surprise documents and surprise expert witnesses." *State v. Davis, supra,* 282 N.C. at 111, 191 S.E. 2d at 667; *State v. Peele,* 281 N.C. 253, 258, 188 S.E. 2d 326, 330 (1972) ; *see State v. Tatum,* 291 N.C. 73, 229 S.E. 2d 562 (1976)., decided this day; *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973) ; *State v. Macon,* 276 N.C. 466, 173 S.E. 2d 286 (1970). The deceased's truck was not a trial exhibit.

Defendant admits that she was furnished a copy of the SBI laboratory report, a list of witnesses which the State intended to call in the case, an autopsy report, and a set of photographs of physical evidence, including photographs of the truck, which were to be introduced at trial. The defendant has obtained from the district attorney all that she was entitled to under G.S. 15-155.4. This assignment of error is without merit and overruled.

[4] Under Assignment of Error No. 30, defendant asserts that the trial court erred in failing to hold a hearing on defendant's motions for suppression of evidence. The record discloses that defense counsel filed a pretrial motion to suppress statements made by either Bobby Burns or Isiah Hood to officers of any law enforcement agency on the ground that any statements of Bobby Burns or Isiah Hood, "to the extent that they implicate defendant Philyaw, would be hearsay and not admissible . . ."

At trial the district attorney called as a witness, Detective Captain Jim Beane of the Sheriff's Department, who had previously interviewed Bobby Burns and Isiah Hood. Defense counsel objected generally to what each of these witnesses told Captain Beane. Thereupon, the court properly instructed the jury that Captain Beane's testimony was being received for the purpose of corroborating the testimony of Bobby Burns and Isiah Hood, both of whom had already testified. At the request of counsel, the court further instructed the jury that this testimony was not to be considered as substantive evidence. The court gave an elaborate instruction as to corroborative evidence, fully complying with the law on this subject. 1 Stansbury's N. C. Evidence, § 52 (Brandis Rev. 1973). At the conclusion of Captain Beane's testimony, counsel for the defendant moved to strike the entire testimony in order to "protect our rights."

The sole reason given by defense counsel for his pretrial motion to suppress was the hearsay nature of statements made by Bobby Burns and Isiah Hood to Captain Beane. G.S. 15A-977(c) provides that a judge may summarily deny a motion to suppress evidence made before a trial if "[t]he motion does not allege a legal basis for the motion; or [if] . . . [t]he affidavit does not as a matter of law support the ground alleged." Defense counsel submitted no supporting affidavit and on the face of the motion, no legal basis for the motion appeared. The evidence was offered for the purpose of corroboration only and was not, as a matter of law, a violation of the hearsay rule. 1 Stansbury's N. C. Evidence, §§ 51, 52 (Brandis Rev. 1973).

It is unnecessary for us to consider whether the trial judge should have held a suppression hearing based on defendant's motions at trial. Defense counsel never made a written or oral suppression motion at trial but rather objected generally to Captain Beane's testimony and moved only to strike it. *See* G.S. 15A-977(a) and (e). Defendant's contentions are devoid of merit and overruled.

[5]   Under Assignment of Error No. 38, defendant maintains that the trial court should have directed a verdict of not guilty because the guilt of one of the principals, Bobby Hood, was not shown beyond a reasonable doubt. It is true that at the time of this trial Bobby Hood had not been convicted of murder. However, the trial judge instructed the jury that the State must prove beyond a reasonable doubt that the principal, Bobby

Hood, had committed the crime of murder before they, the jury, could convict the defendant of accessory before the fact to murder. Substantial evidence was introduced at trial from which the jury could find that Bobby Hood was guilty of murder beyond a reasonable doubt. Upon proper instruction, the jury implicitly found that Bobby Hood had committed the murder. Incidentally, it was admitted by counsel for the defendant during argument that Bobby Hood was later convicted of first degree murder. This assignment lacks merit and is overruled.

The defendant's brief has other assignments of error as follows: Nos. 4, 15, 16, 17, 33, 39, 40 and 41. We have examined all of these and find no merit in any of them. In addition, due to the serious nature of the crime for which defendant has been convicted, we have searched the record for errors other than those assigned and have found none prejudicial to the defendant.

In the trial we find

No error.