STATE OF NORTH CAROLINA v. RANDY MARTIN

No. 7817SC348

(Filed 19 September 1978)

Criminal Law § 75.13— confession to private individual—voluntariness—voir dire required

Defendant was entitled to a voir dire hearing to determine the voluntariness of his confession to a private individual where defendant filed a written motion to suppress in compliance with G.S. 15A-977(a); the motion and affidavit filed in support thereof alleged that the confession was made after defendant and his companion had been beaten by the individual in question; and, following arraignment, defendant made an oral motion to suppress, called to the court's attention the earlier written motion, and demanded a voir dire on that motion.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 16 December 1977 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 23 August 1978.

State presented evidence which tended to show that on the evening of 11 September 1977 Bernice Ray Dalton parked his van with the keys in it in the parking lot of the Red Barn Saloon

around 1:00 a.m. When he came out 45 minutes later, it was gone. Some days later, Dalton encountered defendant and James Nance at the Red Barn. Believing that they had stolen his van, Dalton struck Nance, who fled. Dalton then had a conversation with defendant during which at least one blow was struck before defendant said he had taken the van and left it near the Mayo River. Defendant also answered yes when asked by Everett Brown if he had taken the van, but during this time Dalton was guarding defendant with a cue stick keeping him from leaving.

Defendant was convicted of felonious larceny of an automobile. From a judgment imposing a prison sentence, he appealed.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*McLeod, Campbell & Wilkins, by Frederick B. Wilkins, Jr., for the defendant.*

MARTIN (Robert M.), Judge.

The question presented is whether the defendant was entitled to a *voir dire* hearing to determine the admissibility of his confession to a private individual. At the time the confession of the defendant was made, he was not in custody and was not under police interrogation. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, is inapplicable. Nevertheless, the voluntariness requirement applies to statements made to private individuals as well as to persons in authority. *State v. Cooper*, 286 N.C. 549, 213 S.E. 2d 305 (1975).

The defendant, on 14 October 1977, filed a motion to suppress evidence of statements by the defendant to Bernice Dalton and Everett Brown. Attached to that motion was an affidavit by the defendant in which the defendant alleged that he made his statements to Dalton after his companion James Nance had been struck by Dalton with a pool cue and after the defendant himself had been beaten by Dalton. The defendant, following arraignment, made a verbal motion to suppress evidence of the statements made by the defendant to Dalton and called to the attention of the court the earlier written motion. Furthermore, the defendant demanded a *voir dire* on that motion. The motion was denied by

State v. Martin

the court with no evidence being presented. The defendant objected to questions seeking to elicit testimony concerning the conversation between Martin and Dalton and to testimony of Everett Brown concerning the conversation between Martin and Dalton. Defendant introduced no evidence from his own witnesses concerning the conversation between Dalton and Martin.

The defendant contends the court should have conducted a *voir dire* examination to determine whether the admissions to Dalton and Brown were freely and voluntarily made. As a general rule, voluntary admissions of guilt are admissible in evidence in a trial. To render them inadmissible, incriminating statements must be made under some sort of pressure. *State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970).

By the provisions of G.S. 15A-977(c)(1) and G.S. 15A-977(c)(2), only when "the motion [to suppress] does not allege a legal basis for the motion; or [if] . . . [t]he affidavit does not as a matter of law support the ground alleged," may the court summarily deny the motion. *See State v. Philyaw*, 291 N.C. 312, 230 S.E. 2d 370 (1976). Defendant's motion to suppress was made in proper form and complied with the provisions of G.S. 15A-977(a). The motion set forth with sufficient particularity the legal basis of the motion and the affidavit supported the ground alleged. Thus, an issue was presented to the court for its determination as to whether or not defendant's alleged confession was freely and voluntarily made and admissible against him or whether or not it was made under duress and coerced and inadmissible against him.

The trial court erred in failing to hold a suppression hearing based on defendant's motion to determine the admissibility of the extra judicial statement and set forth in the record his findings of fact and conclusions of law. G.S. 15A-977(d)(f).

New trial.

Chief Judge BROCK and Judge ARNOLD concur.