STATE v. JAMES RHODES.

*Practice—Criminal Law—Certiorari—Former Acquittal.*

1. *Certiorari* in lieu of a lost appeal should be moved for before the appeal is regularly reached in its order on the docket for argument.

2. Where, on appeal, a new trial was granted in a criminal case on the ground that the Judge below erred in submitting the case to the jury when there was not sufficient evidence to warrant it, defendant cannot on the new trial plead former acquittal, for he was convicted in the Court below, and the granting of a new trial was not an acquittal; nor can he plead former conviction, for it was set aside and a new trial granted.

MOTION to re-instate the appeal dismissed at this term. (See *State* v. *Rhodes, supra*).

*The Attorney General*, for the State.
*Mr. W. M. Person*, for defendant.

CLARK, J.: This is a motion to re-instate this appeal, which was dismissed for failure to comply with the requirements for perfecting an appeal *in forma pauperis*. As

repeatedly pointed out by the Court there must be some regulations of some kind for perfecting appeals to this Court. What those regulations shall be the Legislature has prescribed. When they are not observed by appellants the opposite party may have the appeal dismissed. Otherwise the statute would be a vain thing and there would be no orderly method of bringing up appeals. Every case would be the subject of debate.

The appellant now asks to re-instate and for a *certiorari* in lieu of the appeal which has been lost without any negligence or default on his part. It proves unnecessary in this case to consider whether on his own showing he has used such a degree of diligence as entitles him to a *certiorari* in lieu of a lost appeal. Certainly he should have moved for this writ, with proper diligence, before the appeal was regularly reached in its order on the docket for argument. But without discussing that further the *certiorari* must be denied because there is no merit in the appeal.

On examination of the case on appeal there are two exceptions:

1. On a former appeal (111 N. C., 647) a new trial was granted because this Court held that the Judge below erred in letting the case go to the jury when there was not sufficient evidence to warrant it.

When the case was again called in the lower Court the defendant moved to be dismissed and excepted to the refusal of the motion. The defendant's motion is anomalous. He could not plead former acquittal, for he was convicted. On appeal this Court could not acquit him. It merely held that there was error and directed a new trial. Nor could he plead former conviction, for it was set aside and the new trial was granted at his instance.

2. The other exception is that there was no evidence sufficient to go to a jury. Since the case was here on the for-

mer appeal there has been added to the evidence confessions made by the prisoner that he knew who burnt the barn and all about it.    This, taken with the other evidence in the case, makes out a case which it was not error for the Judge to submit to the jury.    Judgment affirmed and

Motion Denied.