State v. Wiggins

---

STATE OF NORTH CAROLINA v. CLARENCE EDWARD WIGGINS

No. 7414SC226

(Filed 1 May 1974)

1. Constitutional Law § 34; Robbery § 1— conspiracy to rob — accessory before fact of robbery — double jeopardy

   Defendant was not placed in double jeopardy when he was convicted of conspiracy to commit robbery and of being an accessory before the fact to the same robbery.

2. Indictment and Warrant § 18; Robbery § 2— robbery indictment — trial as accessory before the fact on same indictment

   Insufficiency of the evidence to support a conviction for robbery did not entitle defendant to his discharge, and the State properly tried defendant on the same indictment as an accessory before the fact to the robbery.

ON *certiorari* to review trial before *Webb, Special Judge,* 19 March 1973 Session of Superior Court held in DURHAM County.

. Defendant was convicted of being an accessory before the fact of armed robbery. We allowed certiorari to perfect a late appeal.

In a prior trial of this case defendant was convicted of conspiracy to commit armed robbery and armed robbery. Upon appeal, this court affirmed the conspiracy conviction but directed a new trial on the indictment for armed robbery. *See State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680, where this court held that the evidence was insufficient to go to the jury on armed robbery but would support a conviction of accessory before the fact to armed robbery.

As set out in the record of the earlier appeal, the evidence tended to show that although defendant was neither actually nor constructively present during the commission of the robbery, he instigated the robbery, helped plan it, supplied the gun used by the active participants, arranged for their transportation and shared in the proceeds of the crime.

*Attorney General Robert Morgan by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Paul, Keenan & Rowan by Jerry Paul for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that "[a] careful consideration as to the elements of conspiracy and accessory before the fact will lead to the inevitable conclusion that defendant . . . was twice placed in jeopardy." We disagree. A defendant may be convicted for both conspiracy to commit robbery and the commission of that same robbery. To support the plea of double jeopardy, it is of no consequence that the earlier prosecution grew out of the same transaction. It must have been the same offense both in fact and in law.

[2] Upon an indictment for the principal offense a defendant may be convicted of a lesser degree of the same crime. The crime of accessory before the fact to robbery is included in the indictment for robbery. As we held on the earlier appeal, the insuffi-

ciency of the evidence to support a conviction for robbery did not entitle defendant to his discharge, and the State properly tried defendant on the same indictment as an accessory before the fact to the robbery.

Defendant's remaining assignments of error are also without merit.

No error.

Judges BRITT and PARKER concur.