## STATE OF NORTH CAROLINA v. EMMETT ALSTON

### No. 7514SC256

### (Filed 2 July 1975)

**Constitutional Law § 34; Criminal Law § 26; Robbery § 4— dismissal of armed robbery charge — retrial — double jeopardy — trial on lesser included offense proper**

    Where a defendant is convicted of the offense charged and on appeal the conviction is reversed for insufficient evidence, the double jeopardy clause protects the defendant from retrial on the offense charged, but it does not protect him from trial on a lesser offense if the evidence at the first trial was sufficient to support a conviction of the lesser offense; therefore, the trial court upon remand properly granted the motion of defendant to dismiss the charge of armed robbery against him where the court on appeal had determined that there was insufficient evidence to support such charge, but the trial court's dismissal did not include the lesser offense of accessory before the fact to armed robbery.

   ·   APPEAL by the State from *Canaday, Judge*. Judgment entered 8 January 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 May 1975.

The defendant was originally tried at the 30 May 1972 Criminal Session of Durham Superior Court for (1) armed robbery and (2) conspiracy to commit armed robbery. The jury returned verdicts of guilty on both charges and from a judgment sentencing defendant to terms of imprisonment, he sought review pursuant to a writ of certiorari to this Court. The armed

State v. Alston

robbery charge was submitted to the jury solely on the issue of aiding and abetting.

At the prior appeal reported in 17 N.C. App. 712, 195 S.E. 2d 314 (1973), this Court found error in the rulings on evidence by the trial court and ordered a new trial on both the armed robbery and conspiracy charges; the court further ruled that the evidence was not sufficient to support the verdict of guilty of armed robbery because the defendant was not actually or constructively present at the scene of the crime, and directed that in the case charging armed robbery, the trial court should have charged the jury only on the lesser included offense of accessory before the fact.

In the retrial on 8 January 1975, defendant pled not guilty to both charges and then moved to dismiss the charge of armed robbery on the grounds of double jeopardy. From the order allowing defendant's motion, the State appealed pursuant to G.S. 15-179.

*Attorney General Edmisten, by Deputy Attorney General Andrew A. Vanore, Jr., and Associate Attorney Raymond L. Yasser, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant.*

CLARK, Judge.

It appears from the record on appeal that on retrial the State attempted to place the defendant on trial for both conspiracy and armed robbery, although this Court had ruled that in the first trial the evidence was not sufficient to support the verdict of guilty of armed robbery. The order granting the motion to dismiss was limited to the charge of armed robbery and did not include any lesser offense than the crime charged. The appeal presents the following question: Where a defendant is convicted of the offense charged and on appeal the conviction is reversed for insufficient evidence, does the double jeopardy clause protect the defendant from retrial on the offense charged and from trial on a lesser offense if the evidence at the first trial was sufficient to support a conviction of the lesser offense?

The fact that there is no double jeopardy upon a new trial ordered by an appellate court on the ground of insufficient evidence is supported by at least one United States Supreme Court decision and one North Carolina Supreme Court decision. In

*Bryan v. United States,* 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950), the contention that a new trial would place the defendant in double jeopardy was rejected. "He sought and obtained the reversal of his conviction, assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal. '. . . where the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial.' " 94 L.Ed. at 342. In *State v. Rhodes,* 112 N.C. 857, 17 S.E. 164 (1893), the court rejected the double jeopardy claim upon retrial following reversal because of insufficient evidence, reasoning that the granting of the new trial was not on acquittal, and that defendant could not plead the former conviction for it was set aside.

The rule of both the *Bryan* and *Rhodes* cases has been significantly limited, if not eroded, by subsequent decisions. In *Sapir v. United States,* 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955), the Court of Appeals had first reversed and remanded the case with orders to discharge the defendant on grounds of insufficient evidence. Later, the court amended its judgment and granted a new trial because of newly discovered evidence. The court reinstated the first judgment in a per curiam opinion which avoided the double jeopardy question. But in a concurring opinion Mr. Justice Douglas argued that a new trial for lack of evidence was no different from a new trial after an acquittal from a trial court, and that both were proscribed by the double jeopardy clause. He distinguished the *Bryan* case on the ground that there the defendant had asked for a new trial. In *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed. 2d 412 (1960), the Supreme Court seemed to treat Douglas's opinion as law. It held that a new trial after reversal for erroneous instructions by the trial court was not barred by the double jeopardy clause. The court then distinguished *Sapir* on two grounds. First, the *Sapir* case involved a reversal for insufficient evidence, not for error. Second, "Sapir made no motion for a new trial," while in the *Forman* case the petitioner filed such a motion. "That was a decisive factor in Sapir's case." 4 L.Ed. 2d at 419.

It is not clear to what extent the distinction between a specific request for a new trial and a mere reversal is the determinative factor on the question of double jeopardy in the federal courts.

In this State after the *Rhodes* decision, the Supreme Court in *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649 (1963) found that in an appeal from a conviction of assault with intent to rape there was insufficient evidence to support the conviction, and ruled that the case be remanded for a new trial on the lesser offense of assault on a female if the State so elected.

In *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972), this Court held that the evidence was insufficient to support the conviction of armed robbery, but sufficient to support a conviction of accessory before the fact of armed robbery, ruled that the defendant was not entitled to have the armed robbery charge dismissed and remanded the case with the direction that the State may, if it so elected, try the defendant under the original bill of indictment for the offense of accessory before the fact to armed robbery.

Considerations which justify a new trial after reversal for error, or for trial on a lesser offense which is justified by the evidence, are lacking where the reversal is for lack of evidence to support the verdict. A new trial after reversal is usually justified by the courts on the ground that the defendant waives his double jeopardy protection by appealing. See Note, 31 U. of Chic. L. Rev. 365, 367 (1964). The waiver rationale should not be extended to situations where an appellate court finds that the evidence is insufficient to support the verdict where the only choice is between jail and second jeopardy. The waiver of this fundamental constitutional right is hardly voluntary.

A divided court in *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213 (1961), held that the crime of accessory before the fact is included in the charge of the principal crime. Justice Bobbitt (later Chief Justice), dissenting, stated: "If and when an appropriate factual situation is presented, I think this Court should reconsider and clarify this subject." 254 N.C. at 453. *State v. Wiggins, supra,* was retried and again appealed and reported in 21 N.C. App. 441, 204 S.E. 2d 692 (1974), and this Court held that a defendant may be convicted of both conspiracy to commit robbery and of accessory before the fact to robbery.

We conclude that the trial court properly granted the motion of the defendant to dismiss the charge of armed robbery and that the dismissal did not include the lesser offense of accessory before the fact to armed robbery. This case is re-

manded so that the District Attorney, if he so elects, may try the defendant under the original bill of indictment for the offense of accessory before the fact to armed robbery.

Affirmed.

Judges MARTIN and ARNOLD concur.