Matthew Lanier **BEVERLY**,
Plaintiff–Appellant,

v.

Warden Mr. Charlie **JONES** and the
Attorney General of the State of
Alabama, Defendants–Appellees.

No. 87–7312.

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1988.

Rehearing and Rehearing En Banc
Denied Oct. 17, 1988.

---

James G. Middlebrooks, Smith, Helms, Mulliss & Moore, Charlotte, N.C., for plaintiff-appellant.

Rivard Melson, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before HATCHETT and COX, Circuit Judges, and GIBSON *, Senior Circuit Judge.

COX, Circuit Judge.

Matthew Beverly, an Alabama inmate serving consecutive sentences of life and sixty years for murder and rape, respectively, appeals the district court's denial of his petition for a writ of habeas corpus. Because neither of the claims advanced by Beverly warrants habeas relief, we affirm.

I.

Beverly was convicted and sentenced to death by electrocution in May, 1979 for intentionally killing Scott Deroo while robbing him,[1] a violation of *Ala.Code* § 13A–5–31(a)(2) (1975) (repealed 1981). Another indictment charging Beverly with the rape of Melissa Hefner, Deroo's girlfriend and travelling companion, remained pending. On appeal, the Alabama Court of Criminal Appeals reversed the conviction and remanded the case for a new trial, citing the intervening opinion of the Supreme Court in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). *Beverly v. State,* 403 So.2d 330 (Ala.Crim. App.1981).

Soon thereafter, Beverly was reindicted and retried on the identical charge. The case was submitted to the jury in the spring of 1982 with instructions on the elements of robbery when the victim is intentionally killed, and on the lesser offenses of first degree murder, second degree murder and first degree manslaughter, in compliance with *Beck.* Beverly was once again convicted of the greater offense and sentenced to life in prison without the possibility of parole. On motion of the State, the 1979 indictment charging rape was dismissed. The Alabama Court of Criminal Appeals reversed this conviction based on the "total lack of proof of all the essential elements of common law robbery as charged in the indictment." *Beverly v. State,* 439 So.2d 758, 762 (Ala.Crim.App. 1983) (Beverly II).

In 1984, Beverly was indicted and convicted of murder in the first degree, rape and grand larceny based on the same conduct made the subject of the previous indictments. He received sentences of life, sixty years and ten years, respectively. His third appeal to the intermediate appellate court was unsuccessful. *Beverly v. State,* 497 So.2d 513 (Ala.Crim.App.1985). Subsequently, Beverly sought review in the Alabama Supreme Court, raising, *inter alia,* all the claims made in his federal habeas corpus petition, which was filed while his case was pending in the Alabama Supreme Court. In August, 1986, that court affirmed the convictions for murder in the first degree and rape, but reversed the grand larceny conviction. *Ex parte Beverly,* 497 So.2d 519 (Ala.1986).

In his 28 U.S.C. § 2254 petition, Beverly alleges that his murder conviction was obtained in violation of the Double Jeopardy Clause of the Federal Constitution, and that he should not have been prosecuted for rape since that prosecution was barred by Alabama's statute of limitations. The district court, adopting in all respects the state appellate court's opinion in *Beverly v. State,* 497 So.2d 513 (Ala.Crim.App.1985), and, in the interest of brevity, will not be recited in their entirety in this opinion.

---

* Honorable Floyd F. Gibson, Senior U.S. Circuit Judge for the Eight Circuit, sitting by designation.

1. The facts underlying the crimes for which Beverly was convicted are well-presented in the

Magistrate's report and recommendation, held that the Double Jeopardy Clause did not bar retrial on the murder charge since that crime was not the same offense for double jeopardy purposes as robbery when the victim is intentionally killed, and gave deference to the state court's ruling that there was no applicable limitations period at the time this rape was committed.[2] This appeal followed.

## II.

Initially, we consider Beverly's claim that his murder conviction is unconstitutional. He contends that the Alabama Court of Criminal Appeals' finding in *Beverly II* that the evidence was legally insufficient to support the second conviction for robbery when the victim is intentionally killed forever precluded the State from thereafter putting him in jeopardy for the lesser included offense of murder. We disagree.

### A.

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to state criminal proceedings through the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), provides that no person shall "be subject to the same offence to be twice put in jeopardy of life or limb." *U.S. Const.* amend. V, cl. 2. Our inquiry begins with the threshold issue of whether murder is the same offense for double jeopardy purposes as robbery when the victim is intentionally killed, as charged in the 1981 indictment.

In determining whether successive prosecutions involve the same offense within the meaning of the Double Jeopardy Clause, this court is guided by the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein the Supreme Court held that two offenses are the same unless each requires

proof of an additional fact which the other does not. *Id.*, at 304, 52 S.Ct. at 182. By definition, therefore, a greater offense is the same as any lesser offense included within it since it is invariably true that the lesser offense requires no proof beyond that which is required for the greater one. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977).

The Alabama courts, the final interpreters of Alabama legislation, *see Garner v. Louisiana*, 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961), have held that murder, the offense for which Beverly stands convicted, is a lesser included offense of robbery when the victim is intentionally killed. *See Ex parte Beverly*, 497 So.2d at 525; *Connolly v. State*, 500 So.2d 57, 65–68 (Ala.Crim.App.1985) (interpreting the statute which succeeded § 13A–5–31(a)(2)). That rule of law applies poignantly in this case. Under the 1984 indictment, the State was required to prove that Beverly "unlawfully and with malice and aforethought intentionally killed Scott Deroo by shooting him with a rifle." The 1981 indictment imposed a similar burden on the State, the only difference being that it contained the additional allegation that the murder occurred during the course of a robbery.[3] Clearly the prosecutor in 1984 was not required to prove any additional facts beyond those required by the 1981 indictment. Therefore, robbery when the victim is intentionally killed, as charged in the 1981 indictment, is the same offense for purposes of double jeopardy analysis as murder since the latter is a lesser included offense of the former. *See Brown v. Ohio*, 432 U.S. at 168, 97 S.Ct. at 2226.

### B.

Having concluded that the offenses for which Beverly was convicted are the same insofar as the Double Jeopardy

---

**2.** Beverly also attacked the grand larceny conviction in his federal habeas petition. However, the district court did not reach the merits of that claim, holding instead that it was moot since the Alabama Supreme Court reversed the conviction after the habeas petition was filed. Neither party appeals from that ruling.

**3.** The 1981 indictment alleged that Beverly "during the course of said robbery ... did unlawfully and with malice aforethought intentionally kill the said Scott Deroo by shooting him with a rifle."

Clause is concerned, we consider next the contention that he was wrongfully prosecuted for murder following the Court of Criminal Appeals' acquittal on the greater offense of robbery when the victim is intentionally killed. Relying primarily on *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), Beverly argues that the appellate reversal of the 1981 conviction based on evidentiary insufficiency is the operative equivalent of a judgment of acquittal on that offense, and all of the lesser offenses included therein, including murder.

In *Burks*, the Supreme Court held that the Double Jeopardy Clause precludes a second trial for an alleged offense once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. *Id.*, at 18, 98 S.Ct. at 2150. The Court, in a companion case, applied the *Burks* rule to a state criminal proceeding. *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978). Through these cases, the Court carved out a narrow exception to the rule announced long ago in *United States v. Ball*, 163 U.S. 667, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), that a criminal defendant who successfully appeals a judgment against him "may be tried anew ... for the same offense of which he had been convicted." *Id.*, at 672, 16 S.Ct. at 1195. Two closely related policies underlie the exception: (1) a reversal based on insufficiency of the evidence has the same effect as a judgment of acquittal, to which the Double Jeopardy Clause attaches special significance, because both mean that no rational finder of fact could have voted to convict the defendant on the evidence presented; and (2) the prosecution should not be afforded another opportunity to supply evidence it failed to muster in the previous trial. *Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2217–18, 72 L.Ed.2d 652 (1982). Neither of these policies are implicated in this case.

The Court of Criminal Appeals' reversal of Beverly's second conviction for robbery when the victim is intentionally killed did not constitute a decision that the State failed to prove beyond a reasonable doubt the lesser included offense. *See Ex parte Beverly*, 497 So.2d at 523. In fact, the court explicitly limited its finding of insufficient evidence to common law robbery when it stated that "[t]he deficiency in this particular case is not a mere insufficiency of the evidence but rather the total lack of proof of all the essential elements of common law robbery as charged in the indictment." *Beverly II*, 439 So.2d at 762. The jury was instructed on the lesser included offense of murder, and common sense dictates that they necessarily found Beverly guilty of that offense by returning a guilty verdict on the greater offense. *See Brown v. Ohio*, 432 U.S. at 167–68, 97 S.Ct. at 2226–27. Since no state appellate court has declared that the evidence that Beverly murdered Scott Deroo was insufficient to support the jury's verdict, Beverly's claim that he has been acquitted of murder is meritless.

Moreover, this is not a case in which the State was presented with multiple opportunities to convict and punish an individual for a single offense; rather, quite the opposite is true. At his request, Beverly was given another chance to rebut the State's evidence that he committed the murder even though the State had already obtained a conviction for that offense.

Furthermore, Beverly was not subjected to the threat of any greater punishment than he would have received had the Alabama Court of Criminal Appeals rendered judgment on the lesser included offense of murder and remanded the case to the trial court for sentencing, a procedure approved by this court's predecessor and the courts of Alabama despite double jeopardy objections. *See e.g., Theriault v. United States*, 434 F.2d 212, 214 (5th Cir.1970); [4] *Ex parte Edwards*, 452 So.2d 508 (Ala.1984).[5] It is

---

**4.** This court has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

**5.** This procedure was available at the time Beverly's 1981 conviction was overturned. *See Ex parte Edwards,* 452 So.2d 508 (Ala.1984); *Ala. Code* § 12–22–243 (1975).

difficult to imagine, therefore, how Beverly's second chance at acquittal could be constitutionally infirm when a remand for sentencing would not have been.

### C.

We conclude that the Constitution's prohibition against double jeopardy did not preclude the State from retrying Beverly on the lesser included offense once the Court of Criminal Appeals reversed his conviction on the greater offense. To hold otherwise would impose too high a price on society. *See United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed. 2d 448 (1964).

### III.

Beverly challenged his rape conviction on direct appeal following the 1984 trial, arguing that the prosecution of that charge was barred by the three year statute of limitations embodied in *Ala. Code* § 15–3–1 (1975). The Alabama Supreme Court rejected this claim. In its view, there was no statute which imposed a limit on the time within which a prosecution for rape must be commenced. *Ex parte Beverly,* 497 So. 2d at 525. Beverly reasserts this statute of limitations argument in his habeas petition.

This claim is beyond our consideration. In effect, Beverly would have this court overturn the Alabama Supreme Court's interpretation of the statutory scheme. This we are not empowered to do, "for state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Tyree v. White,* 796 F.2d 390, 392–93 (11th Cir.1986) (citing *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983)). The Alabama Supreme Court exhaustively reviewed this claim on direct appeal and found no violation of state law, and its determination is conclusive. Moreover, a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *Carrizales v. Wainwright,* 699 F.2d 1053, 1054–55 (11th Cir.1983).

Beverly seeks to overcome this obstacle by alleging that the state court's construction of the statute of limitations violates his right to due process of law. Specifically, he argues that the statute, as interpreted by the Alabama Supreme Court, must be declared unconstitutionally vague since it does not define the applicable limitations period with sufficient definiteness. We need not reach the merits of this claim, however. Beverly first raised this issue in the Supplemental Brief he filed with this court. The void-for-vagueness argument was not presented to the court below, and, therefore, we are not required to address it. *Spann v. Wainwright,* 742 F.2d 606, 607 (11th Cir.1984), *cert. denied,* 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 77 (1985); *Brown v. Alabama,* 619 F.2d 376, 378–79 (5th Cir.1980).

### IV.

We find that neither of the claims advanced by Beverly warrants granting his petition for a writ of habeas corpus. Accordingly, the decision of the district court is AFFIRMED.