**STATE of Tennessee, Plaintiff–Appellee,**

v.

**Denise MAUPIN, Defendant–Appellant.**

Supreme Court of Tennessee, at Knoxville.

Aug. 2, 1993.

Douglas K. Shults, Shults & Shults, Erwin, for defendant-appellant.

Charles W. Burson, Atty. Gen. and Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

**OPINION**

DROWOTA, Justice.

We granted Maupin's Rule 11 Application to decide whether the double jeopardy clauses of the Tennessee or United States Constitutions forbid retrial of lesser included offenses under the circumstances presented. The Defendant, Denise Maupin, was convicted by a jury of aiding and abetting the first degree child abuse murder of her two-year-old son, Jay Michael Maupin, and was sentenced to life imprisonment. The Court of Criminal Appeals reversed the conviction based on insufficiency of evidence and remanded the case for trial on lesser included offenses. After the Court of Criminal Appeals released its decision, a majority of this Court, in *State v. Hale*, 840 S.W.2d 307 (Tenn.1992) (Justices Drowota and O'Brien dissenting), declared unconstitutional the statute Maupin was convicted of violating, T.C.A. § 39–2–202(a)(2) (Supp. 1988).

We hold that the state and federal Constitutions' prohibitions against double jeopardy do not preclude the State from retrying Maupin on the lesser-included offenses. Once the Court of Criminal Appeals reversed her conviction on the greater offense for insufficient evidence, she could be retried if the evidence was not, as a matter of law, insufficient to support a conviction on the lesser-included offenses. We find, based on the evidence at the first trial, a jury could have found Maupin guilty of the lesser-included offenses.

I.

Denise Maupin, age 23, was the mother of the victim, Michael Maupin, who was two years old at the time of his tragic death. Maupin also had a one-year-old daughter. Maupin and her two small children lived in a two-bedroom apartment with 19–year–old Thomas Hale, Maupin's unemployed boyfriend. Maupin worked at a fast food restaurant.

On January 18, 1989, Maupin left for work at approximately 3:30 p.m., leaving Michael and her daughter in the care of Hale. Tony Banks and Dwight Berry, friends of Hale who occasionally slept in the apartment, left earlier in the day around noon.

When Banks and Berry returned to the apartment at approximately 7 p.m. that evening, Hale informed them that two-year-old Michael had urinated on the floor, couch, and himself. Banks and Berry then watched television while Hale paced the apartment, going in and out of Michael's bedroom. Banks and Barry did not see Michael or inquire of his whereabouts.

At approximately 7:35 p.m., Maupin returned to the apartment from work. She was immediately summoned by Hale to a bedroom where Michael was located. Banks and Berry were likewise summoned to the bedroom. Banks, who had prior training as an emergency room technician, observed that Michael's face was discolored and his eyes half shut. Michael's mouth was bloody and he had bruises over his body. Michael was barely able to whimper and was holding his stomach. Banks concluded that Michael was in desperate need of medical care and instructed Berry to call an ambulance. Before the ambulance arrived, Maupin instructed Berry and Banks to tell authorities that Banks had been baby-sitting Michael and that the child had fallen down some stairs.

Paramedics found Michael on a bed in shock. He had a bloody mouth and bruises over most of his body. Michael was transported to the hospital where he died shortly after his arrival. At the hospital, Maupin told police that the child had fallen down some stairs while she was at work. At trial, Maupin testified that when she returned to the apartment from work, Hale told her that he had whipped Michael harder than he should have because the child

soiled his pants, and that she should tell authorities that he, Hale, was not present and that Michael had fallen down the stairs.

The pathologist who performed the autopsy on Michael, Dr. McCormick, testified that Michael had bruises and scrapes on his face, abdomen, thighs and back. His lips were bruised and torn. Some of the wounds were older, while others were "very fresh." The child's internal organs were extensively damaged. The injuries were caused by blunt force, such as a closed fist or violent squeezing of the abdomen. Dr. McCormick opined that Michael bled to death from a "badly torn liver" and from tears in the small bowel mesentery and gall bladder. According to Dr. McCormick, Michael's injuries led to an "excruciatingly painful" death. Dr. McCormick testified that the injuries were consistent with child abuse, not a fall.

Hale was convicted and sentenced to death under T.C.A. § 39–2–202(a)(2) (Supp. 1988) for the beating death of Michael.[1] As previously noted, a majority of this Court found this statute unconstitutional and Hale's death sentence disproportionate to the offense in *State v. Hale, supra.* Thus, Hale's conviction and sentence were overturned.

Maupin was charged in a single count indictment with aiding and abetting the first-degree murder of Michael under the same statute, T.C.A. § 39–2–202(a)(2) (Supp.1988). At trial, the jury was charged on the crimes of aiding and abetting child abuse murder in the first degree, aiding and abetting murder in the second degree, aiding and abetting aggravated child abuse, and aiding and abetting child abuse. The jury returned a guilty verdict of aiding and abetting child abuse murder in the first degree. Maupin was sentenced to life imprisonment. The Court of Criminal Appeals determined that the evidence was insufficient to convict Maupin as an aider and abettor under T.C.A. § 39–2–202(a)(2)

(Supp.1988), and a majority of the Court remanded the case for trial on lesser included offenses. The dissenting Judge found that re-trial was precluded by the double jeopardy clause.

For the reasons stated below, we agree with the conclusion reached by the intermediate court that the evidence is insufficient to sustain a conviction of murder in the first degree under T.C.A. § 39–2–202(a)(2) (Supp.1988) and, therefore, Maupin's conviction should be reversed. Despite this conclusion, however, Maupin's conviction would have to be reversed because the statute under which she was indicted and convicted has been held unconstitutional by a majority of this Court. *Hale, supra.* Thus, the sole question we face is whether the protection afforded to Maupin by the double jeopardy provisions of the Tennessee and United States Constitutions prohibit a retrial on lesser offenses under these circumstances.

## II.

A criminal defendant in state court has both state and federal constitutional protections against being placed in jeopardy for the same offense twice. These protections are embodied in the Fifth Amendment to the United States Constitution ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb") and Article I, Section 10, of the Tennessee Constitution ("[t]hat no person shall, for the same offense, be twice put in jeopardy of life or limb"). Article I, Section 10 has not been construed as providing greater protection than the Fifth Amendment. *See Lavon v. State,* 586 S.W.2d 112, 114 (Tenn. 1979).

■ The essence of double jeopardy protection has been explained as follows:

The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State

---

1. "It shall also be murder in the first degree to kill a child less than thirteen (13) years of age, if the child's death results from one (1) or more incidents of a protracted pattern or multiple incidents of child abuse committed by the defendant against such child, or if such death results from the cumulative effects of such pattern or incidents." T.C.A. § 39–2–202(a)(2) (Supp.1988).

with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty.

*State v. Knight*, 616 S.W.2d 593, 595 (Tenn. 1981) (quoting *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)). *See also Bray v. State*, 506 S.W.2d 772, 774–75 (Tenn.1974) (objectives of double jeopardy protection are to prevent undue harassment of accused criminals, eliminate likelihood that innocent persons may be convicted solely because of repeated prosecution, achieve certainty and respect for the judicial process, assure finality of judgments, and avoid imposition of multiple or increased punishments for a single offense). Thus, double jeopardy protects against: (1) a second prosecution for the same offense after conviction; (2) a second prosecution for the same offense after an acquittal; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *United States v. Persico*, 832 F.2d 705, 710 (2nd Cir.1987).

In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the U.S. Supreme Court held that double jeopardy precludes a second trial for an offense once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. *Id.*, 437 U.S. at 18, 98 S.Ct. at 2150–51. The defendant in *Burks* had his conviction reversed because the prosecution failed to prove that the defendant was sane. *Id.* at 3–4, 98 S.Ct. at 2143–44. Accordingly, the defendant could not be convicted of *any* offense and a dismissal was therefore appropriate. The Court in *Burks* noted that an "appellate reversal [on the basis of evidentiary insufficiency] means that the government's case was so lacking that it should not have ever been *submitted* to the jury." (Emphasis in original.) *Id.* at 16, 98 S.Ct. at

2149–50. This Court has read *Burks* as affirming "the rule that where the reversal is for trial error, the case may be remanded for a new trial without violating the Double Jeopardy Clause, but where an appellate court finds the prosecution's proof on the issue of guilt or innocence of defendant was insufficient to convict, Double Jeopardy commands a dismissal." *State v. Hutcherson*, 790 S.W.2d 532, 534 (Tenn. 1990). "It seems that the basic distinction is whether the defect that requires reversal involved the guilt or innocence of defendant." *Id.* at 535.

In *Beverly v. Jones*, 854 F.2d 412 (11th Cir.1988), the defendant was charged with intentionally killing the victim while robbing him. The case was submitted to the jury with instructions on this offense, along with lesser offenses of first degree murder, second degree murder, and manslaughter. *Id.* at 413. The defendant was convicted of the greater offense, killing the victim while robbing him. *Id.* The state intermediate appellate court reversed the conviction for insufficiency of evidence. *Id.* Subsequently, the defendant was indicted and convicted of murder in the first degree, among other crimes, based on the same conduct made the subject of the previous reversal for the greater offense (killing the victim while robbing him). *Id.*

On the basis of *Burks*, the defendant in *Beverly* maintained, as Maupin does in the instant case, that the appellate reversal of the greater offense for evidentiary insufficiency was the equivalent of a judgment of acquittal on that offense and all lesser offenses, including murder in the first degree. *Id.* at 415. The Eleventh Circuit rejected the contention that *Burks* requires the dismissal of all lesser offenses when a conviction of the greater offense is reversed for insufficient evidence. *Id.* The court explained that the reversal for the conviction of the greater offense, intentionally killing the victim while robbing him, did not constitute a determination that the prosecution had failed to prove lesser offenses beyond a reasonable doubt. *Id.* Instead, the reversal was based only upon the failure to prove the greater offense. The

court therefore concluded that "the Constitution's prohibition against double jeopardy did not preclude the State from retrying Beverly on the lesser included offense once the Court of Criminal Appeals reversed his conviction on the greater offense. To hold otherwise would impose too high a price on society." *Id.* at 416.

Similarly, in *Dickenson v. Israel,* 644 F.2d 308 (7th Cir.1981), the state appellate court found that the evidence presented against the defendant was insufficient to support his armed robbery conviction, but was sufficient to support a conviction for simple robbery. The defendant argued, based upon *Burks,* that his conviction for the lesser offense of simple robbery was barred by double jeopardy. *Id.* at 309. The Seventh Circuit rejected his contention for the reasons set forth in the trial court's decision, *Dickenson v. Israel,* 482 F.Supp. 1223 (E.D.Wis.1980). That opinion distinguished *Burks* by noting that the defendant in *Burks* could not be convicted of the crime charged or any other crime (i.e., lesser offenses) because the state failed to prove his sanity. 482 F.Supp. at 1226.

Put another way, if the trial court had correctly ruled in the first place that the jury did not have enough evidence to find the defendant sane at the time of the robbery, it would have had no choice but to enter a directed verdict of acquittal in favor of the defendant. In fact, of course, the trial court did not make the correct ruling which is why the court of appeals reversed the decision. The Supreme Court's holding [in *Burks* ] merely put the defendant in the position he would have been in absent the trial court's error.

\* \* \* \* \* \*

In petitioner's case, however, if the trial court had been correct in the first instance and ruled that there was insufficient evidence for the jury to find that the petitioner was armed at the time of the robbery, there would have been no directed verdict of acquittal. Instead, the jury would have been instructed only on the charge of simple robbery. \* \* \* Accordingly, when the Wisconsin Su-

preme Court corrected the trial court's error and ordered that judgment be entered on the robbery charge, it placed petitioner in precisely the same position that he would have been in had the error never occurred. *Burks* does not require more than that.

*Id.* at 1226. *See also Government of the Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3rd Cir.1981) ("When the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense."); *Ex parte Harris,* 600 S.W.2d 791 (Tex.Cr.App.1979) (defendant could be retried on lesser included offense of robbery after reviewing court reversed conviction for greater offense of aggravated robbery because of insufficient evidence); *State v. Alston,* 26 N.C.App. 418, 216 S.E.2d 416 (1975) (defendant could be retried on lesser offense when greater offense is reversed on appeal for insufficient evidence).

■ We are persuaded that the approach taken by the foregoing cases is sound. We hold, therefore, that where a conviction for an offense is reversed on appeal for insufficient evidence, double jeopardy protects the accused from retrial on *that* offense, but he may still be tried on lesser offenses if the evidence at the first trial was not insufficient, as a matter of law, to support a conviction of those lesser offenses. *See State v. Brown,* 836 S.W.2d 530 (Tenn. 1992) (judgment entered on lesser offense of second degree murder upon a finding of evidentiary insufficiency for greater offense of first degree murder).

### III.

In view of the foregoing discussion, there is no question that Maupin could not be retried for child abuse murder pursuant to T.C.A. § 39-2-202(a)(2) (Supp.1988). The rule is clear that a defendant may not be retried for the same offense once there is a finding of insufficient evidence. *Hudson v. Louisiana,* 450 U.S. 40, 42-44, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981) (con-

strues the rule in *Burks* as barring "retrial on the same charge"). *See generally, U.S. v. Felix,* — U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

While the record does not contain sufficient evidence to support Maupin's conviction of first degree child abuse murder under T.C.A. § 39–2–202(a)(2) (Supp.1988), this conclusion is not tantamount to a finding of insufficiency on lesser offenses. To the contrary, the evidence in the record is not so insufficient that the jury could not have found Maupin guilty of aiding and abetting child abuse or neglect under T.C.A. § 39–4–401(a) ("[a]ny person who maliciously, purposely, or knowingly, other than by accidental means, treats a child … in such manner as to inflict injury or neglects such a child so as to adversely affect its health and welfare is guilty…."), involuntary manslaughter because she left Michael improperly attended under circumstances in which she knew or should have known the peril to which he could be exposed, *see State v. Davis,* 798 S.W.2d 268 (Tenn.Cr.App.1990), or even second degree murder, because a criminal act may give rise to an inference of malice so as to make an unintended killing second degree murder if the death results from an unlawful act done with knowledge on the part of the defendant that the act was perilous to human life, *see State v. Johnson,* 541 S.W.2d 417, 418 (Tenn.1976). While the proof in this case may not be sufficient to show that Maupin aided and abetted *prior* incidences of child abuse, a required element to sustain a conviction under T.C.A. § 39–2–202(a)(2) (Supp.1988), *see Hale* at 312, the proof, taken as a whole, is not insufficient, as a matter of law, to support a conviction on lesser-included offenses.

## IV.

■ Remanding the case for consideration of lesser offenses does not violate double jeopardy. *See Beverly, Dickenson, Josiah, Ex parte Harris, Alston, supra.* Maupin is not being retried for the same offense. The State will not have the opportunity to prove child abuse murder again.

Prohibiting retrial of the greater offense affords her the full protection contemplated by the double jeopardy provisions of the state and federal constitutions. Moreover, Maupin was not acquitted of any of the lesser offenses as the jury was not required to pass judgment upon them. Further, the intermediate court's reversal of her conviction for child abuse murder did not constitute a determination that the State failed to prove lesser offenses beyond a reasonable doubt. A remand merely places Maupin in the same position she would have been, absent the trial court's error in submitting the child abuse murder charge under T.C.A. § 39–2–202(a)(2) (Supp.1988) to the jury in the first place. *Dickenson, supra.* If double jeopardy does not preclude a retrial after the jury cannot reach a verdict on lesser offenses, *State v. Seagroves,* 691 S.W.2d 537 (Tenn. 1985), double jeopardy should not bar a retrial when the trier of fact does not pass upon lesser offenses one way or the other. There having been no factual resolution of Maupin's guilt or innocence on the lesser offenses, she can be tried for those offenses without violating double jeopardy.

Obviously, the Court's decision in *Hale* has an impact on the present case. In *Hale,* a majority of this Court held that the statute under which Maupin was indicted and convicted, T.C.A. § 39–2–202(a)(2)(Supp.1988), was unconstitutional. The Court's rationale was that "as [a] necessary element of the first degree murder … the jury was required to conclude that Hale was guilty of prior instances of misdemeanor child abuse that did not cause, in isolation, the death of Michael Maupin." *Hale* at 312. The Court stated that the statute "clearly requires the prosecution to establish prior instances of misdemeanor child abuse to prove the elements of first degree murder," a requirement that was held to violate due process. *Hale* at 313. Hale's conviction was therefore reversed and the indictment against him dismissed. However, the Court made it clear that Hale could be "reindicted for premeditated first-degree murder, for second-degree murder, or for some lesser included offense." *Id.*

at 308. The Court denied Hale's petition to rehear which was predicated upon double jeopardy grounds.

■ In the present case, Maupin was indicted for aiding and abetting under T.C.A. § 39–2–202(a)(2) (Supp.1988), the same statute held unconstitutional in *Hale*. The trial court and Court of Criminal Appeals did not have the benefit of this Court's decision in *Hale* when Maupin was tried and when her case was reviewed on appeal. Since Maupin was convicted under an unconstitutional statute, her conviction, like Hale's, must be reversed. We find no double jeopardy impediment in allowing Maupin, like Hale, to be tried for lesser offenses simply because she was convicted of the greater offense under a flawed statute.

Maupin's conviction under T.C.A. § 39–2–202(a)(2) (Supp.1988) is reversed and the case remanded. Costs are taxed against Maupin.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.