# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 25, 2002

## STATE OF TENNESSEE v. ROY L. DENTON

### Appeal from the Circuit Court for Rhea County
### No. 15467    Thomas W. Graham, Judge

### No. E2001-03018-CCA-R3-CD
### October 15, 2002

The Defendant, Roy L. Denton, was convicted by a jury of DUI[1] and public intoxication. The Defendant now appeals as of right, raising the following issues: whether the trial court should have dismissed the indictment; whether the trial court should have stayed the proceedings; whether the trial court should have suppressed evidence; whether the trial court erred in refusing to admit certain evidence proffered by the Defendant; whether the evidence is sufficient to sustain the Defendant's conviction of DUI; whether the prosecutor engaged in misconduct during trial; whether the trial court should have granted the Defendant's motions for mistrial and/or new trial; whether the Defendant received ineffective assistance of counsel; and whether the trial court erred with respect to advising the Defendant about his right to appeal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Roy L. Denton, Graysville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Will Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Initially, we note that the only record before this Court is the "technical record." In this direct appeal by the Defendant, it is the Defendant's duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). See

---

[1] The charge of DUI was based on the Defendant's conduct in allowing his co-defendant, Mary Jean Mayrand, to drive his vehicle at a time he knew her to be under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-201.

also State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). See also Ct. Crim. App. R. 10(b) ("Issues which are not supported by . . . appropriate references to the record will be treated as waived in this court.").

The record before us contains no transcript of the evidence. Accordingly, this Court is unable to address the Defendant's contentions regarding the trial court's evidentiary rulings, his allegation regarding the sufficiency of the evidence, his allegation regarding prosecutorial misconduct, and his allegation that he was entitled to a mistrial. Moreover, in the absence of an adequate record on appeal, the trial court's rulings on these issues are presumed correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We will address the Defendant's remaining issues to the extent possible.

## DISMISSAL OF THE INDICTMENT

The Defendant claims that the trial court should have dismissed the indictment against him because he was arrested twice and twice posted bail on the same charges of DUI and public intoxication of which he now stands convicted.[2] The Defendant was originally arrested for the instant charges on July 10, 1999. After securing bail bond, the Defendant appeared at his preliminary hearing, where the charges were bound over to the grand jury. The Defendant remained out on bail. In February 2000, the grand jury indicted the Defendant for the instant charges. A capias was then issued and the Defendant was re-arrested on the same charges, in spite of his being on bail. The Defendant was re-released after posting bail a second time.[3]

The Defendant contends that the trial court should have dismissed the charges against him on the basis of the second arrest, and also because the capias issued for the Defendant's arrest following the indictment erroneously includes the four counts levied against his co-defendant, Mary Jean Mayrand. Following the Defendant's arrest on this capias, he apparently posted bail on all of the charges listed, including those that did not, in fact, apply to him.

Prior to trial the Defendant's attorney moved the trial court to dismiss the charges against the Defendant on the grounds that

> the arrest of the Defendant on two occasions for the same offenses, and the requirement for the Defendant to make two surety bonds for the same offenses, constitutes punishment for the offenses alleged in the indictments. As such, the additional prosecution of these indictments violates the double jeopardy clauses of

---

[2]The Defendant also claims that he was illegally indicted for four additional crimes he did not commit. A review of the technical record reveals that the Defendant was indicted only for DUI and public intoxication; the remaining four counts apply to Mary Jean Mayrand, the Defendant's co-defendant.

[3]The technical record contains a copy of the February 8, 2000 capias, which designates bond as $7,500, and a copy of the bail bond dated February 8, 2000, listing the bond as $7,500.

the Federal and State Constitutions. Additionally, the Defendant has been punished without due process of law, in violation of the Federal and State Constitutions. Finally, the Defendant has been subjected to excessive bail and fines, due only to the failure of the prosecuting officer and the State of Tennessee to submit the charges to the grand jury and through no oversight, omission or neglect on the part of the Defendant.

The trial court denied this motion, finding no double jeopardy violation, no due process violation, no excessive bail, and no showing of bad faith on the part of the State.

The Defendant is correct in his assertion that the capias for his arrest following the indictment should not have been issued because he had been released on bail. See Tenn. R. Crim. P. 9(a). However, the Defendant is not correct in his assertion that the indictment against him should have been dismissed because of the erroneous capias and subsequent second arrest. As recognized by the State in its brief, the result of an illegal arrest is the suppression of any evidence seized as a result of the arrest, not dismissal of the indictment. See State v. Baker, 966 S.W.2d 429, 432 (Tenn. Crim. App. 1997).

We further agree with the trial court that the Defendant is not entitled to dismissal of the indictment on the grounds of double jeopardy. A second arrest made pursuant to a capias issued erroneously does not implicate double jeopardy concerns. See, e.g., State v. Maupin, 859 S.W.2d 313, 316 (Tenn. 1993) (recognizing that "double jeopardy protects against: (1) a second prosecution for the same offense after conviction; (2) a second prosecution for the same offense after an acquittal; and (3) multiple punishments for the same offense.") The Defendant refers us to no authority for the proposition that his second arrest and/or posting bail a second time constitutes a "punishment" for either double jeopardy or due process purposes. We are unaware of any legal authority requiring dismissal of the charges simply because the Defendant may have posted bail twice based on an erroneous capias. In short, the trial court did not err in refusing to dismiss the indictment on the basis of the erroneous capias, and this issue is therefore without merit.

### STAY OF PROCEEDINGS

The Defendant contends that the trial court should have stayed the prosecution for DUI until the judgment against his co-defendant became final. The Defendant's charge of DUI arose from his allowing his co-defendant, Mary Jean Mayrand, to drive his vehicle while knowing her to be intoxicated. See Tenn. Code Ann. § 55-10-202. Apparently, Ms. Mayrand was convicted of DUI and appealed her conviction. The Defendant requested the trial court to stay the proceedings against him while Ms. Mayrand pursued her appeal. The trial court declined to grant the Defendant's request.

The Defendant's allegation of error is without merit. A criminal defendant may be prosecuted even where the "person for whose conduct the defendant is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or different type or class of offense, or is immune from prosecution." Tenn. Code Ann. § 39-11-407(2);

see also State v. Gennoe, 851 S.W.2d 833, 835-36 (Tenn. Crim. App. 1992). Accordingly, the trial court did not err in refusing to stay the prosecution against the Defendant.

## MOTION FOR NEW TRIAL

The Defendant contends that the trial court should have granted him a new trial on the basis that the State violated Ms. Mayrand's protection against double jeopardy when it presented proof at his trial of her intoxication, following her conviction of DUI. Again, the Defendant misapprehends the nature of double jeopardy. Ms. Mayrand was not twice put in jeopardy by proof of her intoxication offered at the Defendant's trial. Moreover, even if she were, the Defendant would not be entitled to a new trial on the basis of a violation of someone else's constitutional rights. This issue is without merit. The Defendant's contention that his protection against double jeopardy was violated when the trial court admitted evidence of his public intoxication following his admission of same during opening statement is likewise without merit.

The Defendant also contends that he is entitled to a new trial on the basis of ineffective assistance of counsel. The Defendant chose to represent himself at trial. He will not now be heard to complain about his own effectiveness (or lack thereof). See State v. Carruthers, 35 S.W.3d 516, 551 (Tenn. 2000) (recognizing that, "when a defendant forfeits or waives the right to counsel, . . . he or she also forfeits or waives the right to effective assistance of counsel."). This issue is without merit.

## RIGHTS OF APPEAL

Finally, the Defendant complains that, upon overruling his motion for a new trial, the trial court did not advise him of his right to appeal, did not make a determination as to his indigency, and did not advise him of his right to appointed counsel for the direct appeal. Again, we are precluded from considering this issue because we do not have a transcript of the hearing on the motion for new trial. Moreover, we note that, advised by the trial court or not, the Defendant filed his notice of appeal four days after the trial court filed its order denying the Defendant's motion for new trial. Accordingly, the Defendant suffered no prejudice by any alleged failure by the trial court to notify him of his right to appeal. We also note that the Defendant instituted proceedings for a determination of his indigency and voluntarily chose to abandon that effort.[4] It is only after a determination that a defendant is indigent that a trial court is obliged to inform the defendant that counsel will be appointed for the appeal. See Tenn. R. Crim. P. 37(c). The Defendant himself relieved the trial court of that obligation.[5] This issue is, therefore, without merit.

---

[4]The Defendant attached to his brief what appears to be a copy of the transcript of the hearing on his application to be found indigent.

[5]We also note that the Defendant filed his notice of appeal on November 19, 2001. The hearing on his application to be found indigent was not held until February 8, 2002. At that hearing, the Defendant complained to the court that the court had not informed him of his rights of appeal pursuant to Tennessee Rule of Criminal Procedure 37(c). Obviously, then, the Defendant knew of these rights, and has demonstrated no prejudice resulting from any alleged failure by the trial court to inform him of them at the new trial hearing.

The judgment of the trial court is affirmed.

_____

DAVID H. WELLES, JUDGE