# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 20, 2008

## STATE OF TENNESSEE v. DENARO EDGAR ESPINOSA DORANTES

**Appeal from the Criminal Court for Davidson County**
**No. 2006-D-3184     Steve R. Dozier, Judge**

---

**No. M2007-01918-CCA-R3-CD - Filed November 30, 2009**

---

JOSEPH M. TIPTON, P.J., concurring and dissenting.

I concur with most of the decisions and reasoning in the majority opinion, including the reversal of the aggravated child abuse conviction for insufficient evidence. I respectfully dissent, however, from the opinion's affirming the felony murder conviction. I would reverse and vacate the felony murder conviction, as well.

My position stems from the legislative intent regarding the first degree murder statute and regarding child abuse and child neglect. See T.C.A. § 39-15-401(a) (Supp. 1998) (Amended 2005, 2006). Before 1989, Tennessee Code Annotated section 39-4-401(a) (1982) (repealed by 1989 Tenn. Pub. Acts ch. 591 § 1) provided as follows:

> Child abuse and neglect–Penalty–Procedure–Relation of section to other law.–(a) Any person who maliciously, purposely, or knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such manner as to inflict injury or neglects such a child so as to adversely affect its health and welfare is guilty of a misdemeanor . . . .

In State v. Cynthia Denise Smith, No. 1153, Hamilton County (Tenn. Crim. App. Sept. 20, 1990), this court stated that the 1982 child abuse statute created "two separate ways (abuse and neglect) by which the offense could be committed and that two separate verdicts would be appropriate." Slip op. at 6.

In 1989, the child abuse and neglect statute was re-enacted in the 1989 Code with a similar definition. At that time, the legislature also created the aggravated child abuse statute which provided in part:

> Aggravated child abuse.–(a) A person is guilty of the offense of aggravated child abuse who commits the offense of child abuse as defined in § 39-15-401 and:
> (1) The act of abuse results in serious bodily injury to the child . . . .

T.C.A. § 39-15-401(a) (1991). I note that the Sentencing Commission Comments to this provision view both abuse and neglect offenses to be covered under -402(a).

Beginning in 1988, the first degree murder statute provided in part:

> First-degree murder.– . . . (2) It shall also be murder in the first degree to kill a child less than thirteen (13) years of age if the child's death results from one (1) or more incidents of a protracted pattern or a multiple incident of child abuse committed by the defendant against such child, or if such death results from the cumulative effects of such pattern or incidents.

T.C.A. § 39-2-202 (1988 Supp.) (repealed by 1989 Tenn. Pub. Acts, ch. 591, § 1).

Noting Smith, this court reversed a conviction for child abuse murder under the 1988 first degree murder statute, when the proof showed only, if anything, neglect. State v. Denise Maupin, No. 272, Washington County (Tenn. Crim. App. Oct. 7, 1991), aff'd 859 S.W.2d 313, 315 (Tenn. 1993) (agreeing with court of criminal appeals that evidence was insufficient). In so doing, this court concluded that "the legislature did not intend for criminal neglect to be covered by the child abuse murder statute." Slip op. at 10. "Mere proof of child neglect is not proof of child abuse so as to sustain a conviction for child abuse murder." Id.

In 1992, our supreme court ruled that the child murder statute discussed in Maupin was unconstitutional. State v. Hale, 840 S.W.2d 307, 313 (Tenn. 1992). In response, the legislature amended the first degree murder statute in part as follows:

> First degree murder.–(a) First degree murder is:
> . . .
> (4) A reckless killing of a child less than thirteen (13) years of age, if the child's death results from aggravated child abuse, as defined by § 39-15-402, committed by the defendant against the child.

T.C.A. § 39-13-202(a)(4) (Supp. 1993). Effective in 1995, however, the legislature amended the first degree murder statute to provide in part as follows:

> First degree murder.– (a) First degree murder is: . . .

(2) A killing of another committed in the perpetration of or attempt
to perpetrate any first degree murder, arson, rape, robbery, burglary,
theft, kidnapping, aggravated child abuse, or aircraft piracy . . . .

T.C.A. § 39-13-202(a)(2) (Supp. 1995) (Amended 1998, 2002, 2007). Relevant and applicable to
this case, the legislature again amended the first degree murder statute in 1998 to provide as follows:

First degree murder.–(a) First degree murder is: . . .
(2) A killing of another committed in the perpetration of or attempt
to perpetrate any first degree murder, arson, rape, robbery, burglary,
theft, kidnapping, aggravated child abuse, aggravated child neglect,
or aircraft piracy . . . .

T.C.A. § 39-13-202(a)(2) (Supp. 1998) (emphasis added) (amended 2002, 2007). At the same time,
the legislature amended the child abuse and neglect statutes to add the terms "neglected," "neglect,"
and "aggravated child neglect." For example, Tennessee Code Annotated section 39-15-402(a)
(Supp. 1998) (Amended 2005) provided in part:

Aggravated child abuse and neglect.–(a) A person commits the
offense of aggravated child abuse or aggravated child neglect who
commits the offense of child abuse or neglect as defined in § 39-15-
401 and;
(1) The act of abuse or neglect results in serious bodily injury to the
child . . . .

(Emphasis added).

Our supreme court has stated that Tennessee Code Annotated section 39-15-401(a) (1997)
proscribed "a single offense that may be committed through one of two courses of conduct: child
abuse through injury and child abuse through neglect." State v. Mateyko, 53 S.W.3d 666, 668 n.1
(Tenn. 2001). For "ease of reference," the court referred to child abuse through neglect as "child
neglect." The fact that the offense could be committed in separate ways has carried significance in
the context of charging instruments. In State v. John E. Parnell, No. W1999-00562-CCA-R3-CD,
Shelby County (Tenn. Crim. App. Feb. 6, 2001), count one alleged aggravated child abuse by
treating the child in a manner so as to inflict injury and count two charged aggravated child abuse
by neglecting the child so as to adversely affect his health and welfare. The trial court instructed the
jury that if it found guilt under count one, it was not to consider count two. The jury convicted the
defendant on count one. This court concluded that the evidence was insufficient under count one
but that the evidence overwhelmingly established neglect as alleged in count two. Under these
circumstances, this court reversed the conviction for aggravated child abuse in count one but
remanded count two for a new trial.

Obviously, the majority opinion in this case thinks significant the fact that the aggravated child abuse count specified that the Defendant treated the victim in such a manner as to inflict serious bodily injury but did not allege anything regarding neglect. In reversing the abuse conviction for insufficient evidence, it is apparent that my colleagues concluded that the specific allegation distinguishes this count from the murder count which alleged "generally" that the Defendant killed the victim "during the perpetration of or attempt to perpetrate aggravated child abuse, in violation of Tennessee Code Annotated § 39-13-202."

No case has analyzed the significance of the 1998 addition of aggravated child neglect to the predicate felonies for first degree felony murder. However, I view it to be significant in the context of separating aggravated child abuse from aggravated child neglect when considering what constitutes a particular felony murder. In other words, under that provision, murder in the perpetration of aggravated child abuse is a separate offense from murder in the perpetration of aggravated child neglect, no different than murder during the perpetration of air piracy, for example. In this regard, even though the aggravated child abuse statute is viewed to cover both abuse and neglect, such is not the case under the 1998 first degree murder statute.

I assume that if the murder count in the present case had specified that the killing occurred in the perpetration of the Defendant's knowingly treating the victim in a manner as to cause serious bodily injury, my colleagues would then conclude that the evidence did not prove the crime charged. The 1998 first degree murder statute, however, already distinguished aggravated child abuse from aggravated child neglect. I believe that under the statute, charging murder in the perpetration of aggravated child abuse did not charge murder in the perpetration of aggravated child neglect. The very fact that the State in this case chose to allege aggravated child neglect in a separate count reflects the same belief. Also, the State did not argue to the jury that the Defendant was guilty of child abuse through neglecting the injured victim's need for treatment. Rather, the State assailed the Defendant regarding the injuries inflicted upon the victim, including the final blow the victim received near the time of his death. The State's one or two references to the Defendant's concealing the victim's injuries without obtaining treatment were not in the context of child neglect but in the context of concealing the injuries inflicted upon the victim, i.e., child abuse through injury.

Last, and material to this issue, I note that the aggravated child abuse instruction given to the jury by the trial court provided that an essential element was "that the defendant did knowingly, other than by accidental means, treat a child in such a manner as to inflict injury." It did not provide the jury with the alternative of aggravated child neglect or of aggravated abuse through child neglect. Under these circumstances, I do not believe we are in a position to replace a jury finding regarding one offense with a judicial finding of another offense that was not submitted to the jury. I would reverse both the felony murder and aggravated child abuse judgments of conviction and dismiss the charges.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE